UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECOVERY EFFORT INC.,

                      Plaintiff,

              -against-

ZEICHNER ELLMAN & KRAUSE LLP, WACHTEL MISSRY LLP, YOAV M. GRIVER, and WILLIAM B. WACHTEL,

                      Defendants.

19 CV 5641 (___)

**COMPLAINT**

Plaintiff, Recovery Effort Inc., by its attorney, Spencer L. Schneider, P.C., complains of defendants as follows:

Parties

1. Plaintiff Recovery Effort Inc. ("REI") is an Arkansas corporation whose principal place of business is in Arkansas, and is the assignee of the claims of The Orly Genger 1993 Trust (the "Trust") asserted herein, and is wholly owned by it.

2. Defendant Zeichner Ellman & Krause LLP (the "Zeichner Firm") is a limited liability partnership existing under the laws of the State of New York, is a citizen of the States of New York, New Jersey, Connecticut, and the District of Columbia, and is a law-firm.

3. Defendant Wachtel Missry LLP (the "Wachtel Firm") is a limited liability partnership existing under the laws of the State of New York, is a citizen of the States of New York and California, and is a law-firm.

4. Defendant Yoav M. Griver (collectively with the Zeichner Firm, the "Zeichner Defendants") is, upon information and belief, a citizen of the State of New York, a member of the Bar of the State of New York, and a partner of the Zeichner Firm.

5. Defendant William B. Wachtel (collectively with the Wachtel Firm, the "Wachtel Defendants") is, upon information and belief, a citizen of the State of New York, a member of the Bar of the State of New York, and a partner of the Wachtel Firm.

## Jurisdiction and Venue

6. Subject matter jurisdiction exists under 28 USC §1332 because there is complete diversity and the amount in controversy exceeds $75,000 exclusive of interest and costs.

7. Venue is proper under 28 USC §1391 because all defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## Summary of Claim

8. Defendants are law firms and lawyers who disloyally and deceptively represented the Trust in derivative lawsuits, and engaged in a brazen scheme with the grantor and beneficiary of the Trust to misappropriate and divert tens of millions of dollars of the Trust's property through years of (a) deceitful conduct in the New York courts in violation of Judiciary Law § 487, (b) legal malpractice, (c) breach of fiduciary duties, (d) aiding and abetting breach of fiduciary duties, and (e) aiding and abetting the conversion of $32 million of Trust property as described below.

9. As detailed below, throughout the years of their representation of the Trust, defendants engaged in deceit or a chronic, extreme pattern of legal delinquency and consented to the deceit by their clients. In at least one instance, defendant Griver, emphatically – and deceitfully -- declared in open court that he was the attorney for the Trust and representing its interests, where in fact he was scheming with the other defendants, the grantor, and the beneficiary of the Trust to loot it.

10. As a proximate result of defendants' conduct, the Trust suffered damages in excess of $150 million. In addition, the Trust was denied use of $32 million in settlement proceeds that were converted to pay third parties, including the grantor, and a creditor of his, who was also a friend and business associate of the Wachtel Defendants.

Facts

11. In 2004, Arie Genger and Dalia Genger divorced. They are the parents of siblings Orly Genger and Sagi Genger.

12. As part of the divorce, Dalia Genger purportedly conveyed her marital rights to 794.40 shares of Trans-Resources, Inc. ("TRI") to plaintiff Trust and to the Sagi Genger 1993 Trust, Arie Genger being the grantor of both trusts.

13. The Zeichner Defendants commenced lawsuits entitled <u>Orly Genger in her individual capacity and on behalf of The Orly Genger 1993 Trust against Dalia Genger, et al</u>. Supreme Court of the State of New York, New York County, Index No. 109749/2009 ("2009 Action"), and <u>Arie Genger and Orly Genger in her individual capacity and on behalf of The Orly Genger 1993 Trust against Sagi Genger, et al</u>. Supreme Court of the State of New York, New York County, Index No. 651089/2010 ("2010 Action"; collectively with the 2009 Action, the "Actions").

14. At all relevant times, the Zeichner Defendants and the Wachtel Defendants appeared as counsel for the Trust in the Actions, and fully acknowledged their legal duty to thereby faithfully represent the Trust's interests with an undivided loyalty.

15. At all relevant times, Dalia Genger, was the sole trustee of the Trust, and opposed the maintenance of the Actions and was a named defendant in the Actions.

16. Except for the converted settlement proceeds described below, neither Action resulted in an award or other relief, and both Actions have since been disposed by the New York Supreme Court, New York County, subject only to appeal.

17. Although defendants, as counsel for the Trust, had a legal duty to represent the interests of the Trust – and deceptively claimed they were representing the interests of the Trust -- they were in fact principally representing the interests of Arie Genger, the aforementioned grantor of the Trust, and David Broser, the aforementioned creditor of Arie Genger and friend and business associate of the Wachtel defendants, to the exclusion of the interests of the Trust.

18. Arie Genger, through his daughter Orly Genger, with the consent of defendants, maintained the Actions to divert Trust assets thereby depriving the Trust of any economic advantage from the Trust's claim to the TRI shares. Defendants represented Orly Genger in the Actions and defendants consented to her deceit.

19. Defendants engaged in deceit upon the courts, the Trust, its then trustee, and others to further the aforementioned scheme.

20. On or about October 24, 2011, the Zeichner Defendants moved by order to show cause in the 2010 Action to enjoin the Trust, from prosecuting a suit in Delaware Chancery Court for a declaratory judgment which would have affirmed the Trust's beneficial ownership of the TRI shares, and thereby stopped the scheme. The suit would have resulted in vindicating the Trust's right to shares in TRI valued in excess of $150 million.

21. On October 26, 2011 and November 6, 2011, the court in the 2010 Action granted the Zeichner Defendants' motion and enjoined the Trust from litigating the Delaware lawsuit.

22. The Zeichner Defendants' prosecution of this motion was in direct opposition to the interests of its client -- the Trust -- and was a deceit or a part of their chronic, extreme pattern of legal delinquency directed at the courts, the Trust, its then trustee, and others.

23. The Zeichner Defendants denied in open court that their motive was to help rob the Trust. However, when $32 million of settlement proceeds were paid they, along with the Wachtel Defendants, concealed that they had facilitated the conversion of the proceeds to Arie Genger and David Broser. Defendants committed an additional deceit by remaining silent when David Broser submitted a false affidavit in the 2009 Action denying knowledge of the whereabouts of the $32 million.

24. In addition, for several years thereafter, the defendants continued to engage in deceit in numerous pleadings, actions, and statements wherein it facilitated and defended the conversion of the Trust's assets.

25. Orly Genger, with the consent of the defendants, signed the settlement agreement as a beneficiary of the Trust, resulting in the termination of the Trust's claims and rights to its property.

26. According to its signatories, the purpose of the settlement agreement was "to resolve all issues, disputes and disagreements between [Orly Genger and the other Settling Parties], including but not limited to the issue of ownership of all [TRI] shares." Orly Genger signed the Agreement both "in her individual capacity and in her capacity as beneficiary of the Orly Genger 1993 Trust."

27. Thereafter, the New York Supreme Court dismissed the Trust's claims with prejudice.

28. The Wachtel Defendants also acted as payment agent for the settlement agreement proceeds and, although they were duty bound to hold those proceeds for the Trust, they accepted direction from Arie Genger and/or David Broser to release the funds for their respective benefits.

29. The Zeichner Firm continued to disloyally and deceptively represent the Trust through 2017 in the Actions.

30. The Wachtel firm never withdrew its representation of the Trust, though both Actions were recently finally disposed by the New York Supreme Court subject only to appeal.

### First Cause Of Action
(New York State Judiciary Law § 487)

31. Plaintiff incorporates by reference all the allegations contained in the paragraphs above as though fully set forth herein.

32. Judiciary Law § 487 provides that an injured party can recover treble damages in a civil action against an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party."

33. During the course of their representation – and by their disloyal and deceitful representation of the Trust – defendants engaged in deceit, or a chronic, extreme pattern of legal delinquency, and consented to the deceit by Orly Genger, Arie Genger, and David Broser.

34. Defendants deceived the courts, the Trust, and others into believing that they were representing the interests of the Trust when in fact their intention was to assist Orly Genger, Arie Genger, and David Broser in diverting and misappropriating funds belonging to Trust to Arie Genger and David Broser.

35. The Trust suffered injury as a result of defendants' conduct in amount to be determined at trial but presently believed to be no less than $32 million.

36. The Trust and trustee were each a party to the Actions.

37. Pursuant to Judiciary Law § 487, these damages are to be trebled.

## SECOND CAUSE OF ACTION
(Malpractice)

38. Plaintiff incorporates by reference all the allegations contained in the paragraphs above as though fully set forth herein.

39. The defendants failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community.

40. Such negligence was the proximate cause of the actual damages sustained by the Trust.

41. The Zeichner Defendants and the Trust had an attorney-client relationship.

42. The Wachtel Defendants and the Trust had an attorney-client relationship.

43. But for the defendants' negligence, the Trust would not have had its property converted.

## THIRD CAUSE OF ACTION
(Breach of Fiduciary Duty)

44. Plaintiff incorporates by reference all the allegations contained in the paragraphs above as though fully set forth herein.

45. The defendants owed fiduciary duties to the Trust.

46. As described above, defendants engaged in misconduct which caused the Trust to be injured and damaged which involved multiple affirmative false representations and omissions that they were advancing Trust interests.

47. Those misrepresentations were material and made with scienter.

48. The Trust relied on those misrepresentations to its detriment by, among other things, not appealing the restraining order preventing it from prosecuting its claims in Delaware and not acting to secure the money paid for releases made on its behalf before the money was converted.

### FOURTH CAUSE OF ACTION
(Aiding and Abetting Breach of Fiduciary Duty)

49. Plaintiff incorporates by reference all the allegations contained in the paragraphs above as though fully set forth herein.

50. Orly Genger owed fiduciary duties to the Trust and breached them by engaging in the misconduct alleged above.

51. As described above, defendants aided and abetted Orly Genger's breach of fiduciary duties, as well as each others' fiduciary duties, which caused the Trust to be injured and suffer damages.

### FIFTH CAUSE OF ACTION
(Aiding and Abetting Conversion)

52. Plaintiff incorporates by reference all the allegations contained in the paragraphs above as though fully set forth herein.

53. As described above, Arie Genger and David Broser converted assets of the Trust.

54. As described above, defendants aided and abetted the conversion of Trust assets, which caused the Trust to be injured and suffer damages.

WHEREFORE, plaintiff demands, against defendants, on all causes of action, damages in an amount to be determined at trial, which are believed to be the value of the Trust claims, estimated at over $150 million, or alternatively trebling the $32 million settlement amount, plus interest, and other fees and charges, attorneys' fees in this action and the Actions.

Dated:  New York, New York
       June 17, 2019

                                SPENCER L. SCHNEIDER, P.C.

By: _____
      Spencer L. Schneider

Attorney for Plaintiff
39 Broadway, 32nd Floor
New York, NY 10006
Tel: (212) 267-2900
sschneider@slsatty.com