UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECOVERY EFFORT INC.,

                    Plaintiff,

        -against-                                         19 Civ. 5641 (VSB)

ZEICHNER ELLMAN & KRAUSE LLP,
WACHTEL MISSRY LLP, YOAV M. GRIVER,
and WILLIAM B. WACHTEL,

                    Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
WACHTEL MISSRY LLP AND WILLIAM B. WACHTEL'S
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
Edward M. Spiro
565 Fifth Avenue
New York, New York 10017
(212) 856-9600 (telephone)
(212) 856-9494 (fax)
espiro@maglaw.com

*Attorneys for Defendants Wachtel Missry LLP
and William B. Wachtel*

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT.................................................................................. 1

STATEMENT OF FACTS...................................................................................... 1

      Recovery Effort......................................................................................... 2

      The Formation of the Trust........................................................................ 2

      The State Court Litigation…..................................................................... 2

      The State Court Settlement........................................................................ 3

      The New York Court Rejects the Trust's Challenge to the Settlement....................... 4

ARGUMENT..................................................................................................... 4

   I.   RECOVERY EFFORT STANDS IN THE SHOES OF THE TRUST................................... 4

   II.  PLAINTIFF'S CONVERSION CLAIM IS TIME-BARRED.............................................. 5

   III. PLAINTIFF'S CLAIM OF "CONSTRUCTIVE FRAUD" IS BASELESS.......................... 6

        A.      This Claim is Time-Barred............................................................... 7

        B.      Plaintiff Fails to Plead Essential Elements of a
                Constructive Fraud Claim................................................................ 8

   IV. THE MALPRACTICE CLAIM SHOULD BE DISMISSED................................................ 9

        A.      The Trust Was Never a Client of the Wachtel Defendants................ 9

        B.      The Malpractice Claim Is Time-Barred......................................... 10

   V.  THE FIDUCIARY DUTY CLAIMS ARE EQUALLY INSUFFICIENT.......................... 11

   VI. THE BREACH OF CONTRACT CLAIM IS FATALLY DEFECTIVE........................... 12

        A.      This Claim Is Duplicative of the Legal Malpractice Claim............. 12

        B.      This Claim, Like Plaintiff's Others, Is Time-Barred....................... 13

        C.      The Trust Is Not a Third-Party Beneficiary.................................... 13

VII.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE
       OF COLLATERAL ESTOPPEL…………........................................................... 14

VIII.   THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.......................... 14

CONCLUSION............................................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*AG Capital Funding Partners, L.P. v. State St. Bank & Tr. Co.*,
   5 N.Y.3d 582 (2005) ...................................................................................................10

*Arnold v. KPMG LLP*,
   543 F. Supp. 2d 230 (S.D.N.Y. 2008) ......................................................................11

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009) ......................................................................14

*Atwell v. Lisle Park District*,
   286 F.3d 987 (7th Cir. 2002) .......................................................................................9

*Corcoran v. New York Power Authority*,
   202 F.3d 530 (2d Cir. 1999) ........................................................................................7

*Democratic Nat'l Comm. v. Russian Fed'n*,
   392 F. Supp. 3d 410 (S.D.N.Y. 2019) .......................................................................3

*Droz v. Karl*,
   736 F. Supp. 2d 520 (N.D.N.Y. 2010) ...................................................................9, 10

*Edwards v. Sequoia Fund, Inc.*,
   938 F.3d 8 (2d Cir. 2019).......................................................................................1, 14

*Engles v. Jones*,
   405 F. Supp. 3d 397 (W.D.N.Y. 2019) ....................................................................15

*Genger v. Genger*,
   76 F. Supp. 3d 488 (S.D.N.Y. 2015) ..........................................................................1

*Kashelkar v. Rubin & Rothman*,
   97 F. Supp. 2d 383 (S.D.N.Y. 2000) ..........................................................................9

*LNC Inv., Inc. v. First Fid. Bank, Nat. Ass'n*,
   935 F. Supp. 1333 (S.D.N.Y. 1996) .........................................................................10

*Lombardi v. Lombardi*,
   127 A.D.3d 1038, 7 N.Y.S.3d 447 (2d Dep't 2015) ..................................................9

*Mandarin Trading Ltd. v. Wildenstein*,
   16 N.Y. 3d 173, 919 N.Y.S.2d 466 (2011) .........................................................13, 14

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*,
   693 F. Supp. 2d 387 (S.D.N.Y. 2010) ...............................................................Passim

*Mason Tenders District Council Pension Fund v. Messera*,
   958 F. Supp. 869 (S.D.N.Y. 1997)..............................................................................10

*McCoy v. Feinman*,
   99 N.Y.2d 295, 755 N.Y.S.2d 693 (2002) ...........................................................10, 11

*Melendez v. Bernstein*,
   29 A.D.3d 872, 815 N.Y.S.2d 702 (2d Dep't 2006) ..................................................13

*Midwest Memorial Group, LLC v. Int'l Fund Services (Ireland) Ltd.*,
   2011 WL 4916407 (S.D.N.Y. Oct. 17, 2011) ..........................................................6, 8

*Pirie's, Inc. v. Keto Ventures, LLC*,
   151 A.D.3d 1363, 57 N.Y.S.3d 555 (3d Dep't 2017) .................................................8

*Murphy v. Morlitz*,
   2017 WL 4221472 (S.D.N.Y. Sept. 21, 2017) .................................................. Passim

*Nineteen New York Properties L.P. v. 535 5th Operating Inc.*,
   211 A.D.2d 411, 621 N.Y.S.2d 42 (1st Dep't 1995).................................................9

*Norwind v. Roland*,
   584 F.3d 420 (2d Cir. 2009)...................................................................................11

*Rafter v. Liddle*,
   704 F. Supp. 2d 370 (S.D.N.Y. 2010) ....................................................................13

*Roman y Gordillo, S.C. v. Bank of New York Mellon Corp.*,
   2015 WL 5786460 (S.D.N.Y. Sept. 29, 2015) .......................................................13

*Saltz v. First Frontier, LP*,
   782 F. Supp. 2d 61 (S.D.N.Y. 2010).........................................................................8

*Sompo Japan Ins. Co. v. Norfolk S. Ry. Co.*,
   966 F. Supp. 2d 270 (S.D.N.Y. 2013).......................................................................4

*Spivey v. Pulley*,
   138 A.D.2d 563, 526 N.Y.S.2d 145 (2d Dep't 1988) ..............................................10

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
   547 F.3d 406 (2d Cir. 2008).......................................................................................6

*Stratte-McClure v. Morgan Stanley*,
   776 F.3d 94 (2d Cir. 2015).......................................................................................14

*Tellabs Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308, 127 S.Ct. 2499 (2007) ........................................................................3

*Trombetta v. Novocin*,
   414 F. Supp. 3d 625 (S.D.N.Y. 2019).....................................................................14

*Tsafatinos v. Lee David Auerbach, P.C.*,
　80 A.D.3d 749, 915 N.Y.S.2d 500 (2nd Dep't 2011) ...................................................13

*Universitas Education, LLC v. T.D. Bank, N.A.*,
　2015 WL 9304551 (S.D.N.Y. Dec. 21, 2015)...............................................5, 7, 8, 12

*Veleron Holding, B.V. v. Morgan Stanley*,
　694 F. App'x 858 (2d Cir.2017)....................................................................................13

*Vigilant Ins. Co. v. Housing Auth. of City of El Paso*,
　87 N.Y.2d 36, 637 N.Y.S.2d 342 (1995) ...................................................................5, 6

*Warberg Opportunistic Trading Fund L.P. v. GeoResources, Inc.*,
　151 A.D.3d 465, 58 N.Y.S.3d 1 (1st Dep't 2017)...........................................................5

*Wilson v. Dantas*,
　746 F.3d 530 (2d Cir. 2014) ........................................................................................11

**Rules**

N.Y. C.P.L.R. § 214[3] .......................................................................................................5

N.Y. C.P.L.R. § 214[4] .....................................................................................................11

N.Y. C.P.L.R. § 214[6] ...............................................................................................10, 13

## PRELIMINARY STATEMENT

This case, the latest of "a seemingly never-ending series of lawsuits stemming from the divorce of Arie Genger and Dalia Genger," *Genger v. Genger*, 76 F. Supp. 3d 488, 491 (S.D.N.Y. 2015), *aff'd*, 663 F. App'x 44 (2d Cir. 2016), attempts to re-litigate issues which were resolved by the New York State courts in 2013. Plaintiff's First Amended Complaint (the "FAC") does nothing to cure the fatal defects of its original complaint. Plaintiff Recovery Effort Inc. ("Plaintiff" or "Recovery Effort"), suing as the assignee of The Orly Genger 1993 Trust ("the Trust"), claims that the law firm of Wachtel Missry LLP ("Wachtel Missry") and one of its partners, William B. Wachtel (collectively, "the Wachtel Defendants"), supposedly converted the proceeds of a settlement, even though the FAC admits that the Trust was not a party to that settlement agreement and that the New York State courts rejected the Trust's attempts to block approval of that settlement.

Similarly, the Trust tries to sue the Wachtel Defendants for legal malpractice, even though the FAC admits that the Trust was never a client of Wachtel Missry. Moreover, each of Plaintiff's claims is barred by the statute of limitations. Accordingly, the Wachtel Defendants move to dismiss the FAC in its entirety.

## STATEMENT OF FACTS

Solely for purposes of this motion to dismiss, the Wachtel Defendants "accept as true all factual allegations" of the FAC, but not its "conclusory allegations or legal conclusions couched as factual allegations." *Edwards v. Sequoia Fund, Inc.*, 938 F.3d 8, 12 (2d Cir. 2019). The FAC alleges as follows:

**Recovery Effort.**  Plaintiff Recovery Effort alleges that it is an Arkansas corporation with a principal place of business in Arkansas; that it is wholly owned by the Trust; and that it is suing as the assignee of the Trust.  (FAC ¶6).

**The Formation of the Trust.**  In 2004, Arie Genger ("Arie") and Dalia Genger ("Dalia") divorced.  They had two children, Orly Genger ("Orly") and Sagi Genger.  (FAC ¶15).  As part of the divorce, Arie and Dalia's interests in a Genger family company known as Trans-Resources Inc. ("TRI") were partially transferred to the Trust.  (FAC ¶¶13-15).  Orly was the beneficiary of the Trust (FAC ¶20) and Dalia was its trustee (FAC ¶29).

**The State Court Litigation.**  Following the establishment of the Trust, a dispute arose with certain minority investors in TRI known as the Trump Group, who claimed the right to the same TRI shares which had been transferred to the Trust.  (FAC ¶¶14, 16).  This dispute led to litigation in the state courts of Delaware and New York.  (FAC ¶¶17-19).

The New York litigation included two suits commenced in Supreme Court, New York County, allegedly by co-defendants Zeichner Ellman & Krause LLP and Yoav Griver (the "Zeichner Defendants"), representing Orly.  These suits were commenced in 2009 and 2010;[1] the Wachtel Defendants appeared as co-counsel for Orly in these cases in 2011.  (FAC ¶¶19, 21). These lawsuits included derivative claims by Orly, as beneficiary, on behalf of the Trust.  (FAC ¶20).

The FAC alleges that the Wachtel Defendants "appeared on behalf of the Orly Trust in both [New York] actions."  (FAC ¶21).  But the actual New York State complaints make clear that defendants represented not the Trust, but Orly as the beneficiary of the Trust.

---

[1] Although the FAC represents that the Zeichner Defendants commenced both actions (FAC ¶ 19), the complaint in the 2010 action was signed by Lauren J. Wachtler of Mitchell Silberberg & Knupp LLP.  *See* Declaration of Edward M. Spiro dated March 30, 2020 ("Spiro Declaration" or "Spiro Decl."), Ex. B.

Lest there be any doubt on this score, the Wachtel Defendants have annexed to the accompanying Spiro Declaration the original Complaints (without exhibits) in the two actions. (Spiro Decl., Exs. A & B). "In deciding a motion to dismiss, a court may consider . . . documents incorporated by reference in the complaint as well as documents the plaintiff either had in the plaintiff's possession or had knowledge of and upon which the plaintiff relied in bringing suit." *Democratic Nat'l Comm. v. Russian Fed'n*, 392 F. Supp. 3d 410, 419 (S.D.N.Y. 2019) (citations omitted). *Accord Tellabs Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 2509 (2007).

Examination of these two complaints makes clear that none of the defendants represented the Trust; indeed, the Trust was not even a named party to either action. (*See* Spiro Decl., Exs. A & B). Rather, the defendants represented Orly both "in her individual capacity and on behalf of [the Trust]." (*Id.*)

**The State Court Settlement.** In June 2013, Arie and Orly settled their New York claims against the Trump Group. (FAC ¶¶29, 50). The settlement was designed to settle claims to the ownership of the TRI shares which had been transferred to the Trust. (FAC ¶31). The Trumps agreed to pay to Wachtel Missry (as escrow agent for Arie, Orly and certain other parties) $17.3 million in cash, plus two promissory notes of $7.5 million each. (FAC ¶34). Neither of those notes has yet been paid, and Wachtel Missry is no longer the escrow agent holding those notes. (FAC ¶55 n.4).

On June 26, 2013, a stipulation was filed with the New York Supreme Court dismissing Orly's claims against the Trumps "in her individual capacity and as beneficiary of the [Trust]." (FAC ¶40). The state court "so ordered" that stipulation on July 1, 2013. (FAC ¶41).

**The New York Court Rejects the Trust's Challenge to the Settlement.** The FAC admits that Dalia, as trustee of the Orly Trust, attempted to challenge this stipulation before the state court, which rejected her claims. (FAC ¶41). Plaintiff tries to create the impression that Dalia's claims were rejected only because they were asserted after the stipulation had already been so ordered. (FAC ¶41). Once again, the actual record of the state court case belies this assertion.

On June 26, 2013, *before* the stipulation was so ordered, Dalia filed an affidavit with the state court arguing that the claims Orly was settling "are entirely claims of the Orly Trust and that [Orly] has no individual rights" to those claims. (Spiro Decl., Ex. C, ¶2). Dalia went on to argue that "to the extent that [Orly] is receiving consideration for dismissing claims against the Trump Group, she is converting assets belonging to the Orly Trust, and this Court ought not allow that." (*Id.*, ¶3). This is the very claim which underlies every cause of action asserted in the FAC; but the state court rejected that argument and approved the stipulation. (FAC ¶41). Dalia did not appeal the order approving the stipulation.

The only damages claimed by Plaintiff in this lawsuit are the proceeds of that 2013 settlement, which the FAC argues should have been paid to the Orly Trust (*e.g.*, FAC ¶¶2, 3, 5, 44, 45-49, 57-58, 74-75, 83-84, 90-91, 95-96, 101, 105, 116), even though the state court rejected the Trust's argument that the settlement proceeds belonged to the Trust and approved the settlement. (FAC ¶41).

## ARGUMENT

## I.    RECOVERY EFFORT STANDS IN THE SHOES OF THE TRUST

Plaintiff Recovery Effort claims that it is the assignee of the Trust. (FAC ¶6). As an assignee, Plaintiff "stands in the shoes of the assignor and . . . takes all rights of the assignor, no greater and no less." *Sompo Japan Ins. Co. v. Norfolk S. Ry. Co.*, 966 F. Supp. 2d 270, 279-80

(S.D.N.Y. 2013) (Chin, J.) (citations omitted), *aff'd*, 762 F.3d 165 (2d Cir. 2014). Its claim is thus subject to all "infirmities, equities and defenses" which defendants could assert against the Trust. *Warberg Opportunistic Trading Fund L.P. v. GeoResources, Inc.*, 151 A.D.3d 465, 472, 58 N.Y.S.3d 1, 7 (1st Dep't 2017).

## II.    PLAINTIFF'S CONVERSION CLAIM IS TIME-BARRED

We begin our analysis with Plaintiff's Sixth Cause of Action (FAC ¶¶103-109), as it underlies all of the claims in the FAC. The Sixth Cause of Action alleges that defendants aided and abetted the conversion of the Trust's assets, by entering into the settlement with the Trump Group and paying the proceeds to parties other than the Trust. (FAC ¶¶104-108). This alleged conversion took place in July 2013, approximately six years before this action was commenced. (FAC ¶¶55-56). The claim is thus time-barred.

Jurisdiction in this case is based solely on diversity of citizenship. (FAC ¶11). In a diversity case, "a federal court sitting in New York must apply the New York . . . statutes of limitations." *Murphy v. Morlitz*, No. 15-cv-7256 (VSB), 2017 WL 4221472, at *6 (S.D.N.Y. Sept. 21, 2017) (Broderick, J.). *Accord Universitas Education, LLC v. T.D. Bank, N.A.*, No. 15-cv-5643 (SAS), 2015 WL 9304551, at *2 (S.D.N.Y. Dec. 21, 2015) (Scheindlin, J.).

Under New York law, a claim of aiding and abetting shares the same statute of limitations as the underlying tort. *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 393 (S.D.N.Y. 2010) (Kaplan, J.). In the case of conversion, that statute of limitations is three years. *Vigilant Ins. Co. v. Housing Auth. of City of El Paso*, 87 N.Y.2d 36, 44, 637 N.Y.S.2d 342, 347 (1995) (citing N.Y. C.P.L.R. § 214[3]); *Murphy v. Morlitz*, 2017 WL 4221472, at *7; *Universitas Education*, 2015 WL 9304551, at *2; *Marketxt Holdings*, 693 F. Supp. 2d at 397.

Plaintiff argues that the Trust did not discover to whom the settlement proceeds were paid until 2019. (FAC ¶62). This is both factually untrue and legally irrelevant.

Factually, Dalia, as trustee of the Trust, knew in June 2013 (as evidenced by her Affidavit filed in the state court [Spiro Dec., Ex. C, ¶3]) that the settlement involved Orly "receiving consideration for dismissing claims against the Trump Group," which, Dalia contended, would result in Orly "converting assets belonging to the Orly Trust." (*Id.*) Moreover, the FAC admits that Dalia obtained a copy of the settlement agreement in October 2014. (FAC ¶¶29, 71). The Trust thus knew in 2014 who the parties to the settlement agreement were, and that the proceeds of the settlement were to be paid to someone other than the Trust.

Legally, the three-year statute of limitations for conversion "runs from the date the conversion takes place, and not from discovery or the exercise of diligence to discover." *Murphy v. Morlitz*, 2017 WL 4221472, at *7 (quoting *Vigilant Ins.*, 637 N.Y.S.2d at 347). *Accord Midwest Memorial Group, LLC v. Int'l Fund Services (Ireland) Ltd.*, No. 10 Civ. 8660 (PAC), 2011 WL 4916407, at *3 (S.D.N.Y. Oct. 17, 2011). Here, the alleged conversion occurred in July 2013 and thus the cause of action for aiding and abetting conversion is untimely. (FAC ¶¶55-56).

Where, as here, a statute of limitations "defense appears on the face of the complaint," it may be raised via a motion to dismiss. *Murphy v. Morlitz*, 2017 WL 4221472, at *6 (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). The Sixth Cause of Action should accordingly be dismissed.

## III. PLAINTIFF'S CLAIM OF "CONSTRUCTIVE FRAUD" IS BASELESS

In its First Cause of Action (FAC ¶¶ 64-76), Plaintiff attempts to re-package its time-barred conversion claim as one for "constructive fraud." Plaintiff alleges that defendants made "multiple affirmative false representations and omissions that they were advancing Trust interests" (FAC ¶66) while actually assisting Orly and others "in diverting and misappropriating funds belonging to the

. . . Trust" (*id*.).

This claim, like all of the others in the FAC, is time-barred. It also fails to allege the essential elements of constructive fraud.

A.    **This Claim Is Time-Barred**

"Generally, the statute of limitations period for constructive fraud is six years, which accrues upon breach.   However, a fraud-based claim will be barred by a shorter statute of limitations if the fraud allegation is 'merely incidental' to a claim with a shorter limitations period." *Murphy v. Morlitz*, 2017 WL 4221472, at *8 (citations omitted).   *Accord Universitas Education*, 2015 WL 9304551, at *2; *Marketxt Holdings*, 693 F. Supp. 2d at 394.

Plaintiff's claim of "constructive fraud" is clearly incidental to its aiding and abetting conversion claim.   "A fraud action is not incidental only when: (1) the fraud occurred separately from and subsequent to the injury forming the basis of the alternate claim; and (2) the injuries caused by the fraud are distinct from the injuries caused by alternate claim." *Corcoran v. New York Power Authority*, 202 F.3d 530, 545 (2d Cir. 1999).   *Accord Marketxt Holdings*, 693 F. Supp. 2d at 395.

Plaintiff's fraud claim satisfies <u>neither</u> of those requirements.   The allegedly fraudulent statements were neither separate from nor subsequent to the alleged conversion of the settlement proceeds; all were made prior to the distribution of the settlement proceeds and concerned that same subject.   (FAC ¶¶ 66-68).   Nor did the alleged "fraud" cause any injury distinct from the alleged conversion – the only injury asserted in Plaintiff's First Cause of Action is the distribution of the settlement proceeds (FAC ¶74), the same injury claimed in the cause of action for aiding and abetting conversion.

Plaintiff attempts in its fraud claim to "merely recast the same facts as other claims in order to obtain the benefit of the longer limitations period." *Universitas Education*, 2015 WL 9304551, at *2. This is not permitted, because "otherwise fraud would be used as a means to litigate stale claims." *Marketxt Holdings*, 693 F. Supp. 2d at 395 (citation omitted).

"New York allows a six-year limitations period only when there would be no injury but for the fraud." *Midwest Memorial Group*, 2011 WL 4916407, at *4 (citation omitted). Here, "[t]he facts underlying the fraud and conversion claims are the same. The injuries are the same. The relief sought is identical." *Universitas Education*, 2015 WL 9304551, at *3. Plaintiff's grievance is that defendants allegedly "stole money from [the Trust] not that [they] lied about doing so." *Marketxt Holdings*, 693 F. Supp. 2d at 394. "Without the alleged misappropriation, Plaintiff would have no claim at all." *Id*. at 395 (citation omitted).

Plaintiff's fraud claim is thus "subject to the three-year statute of limitations governing Plaintiff's conversion claim, and [is] time barred." *Universitas Education*, 2015 WL 9304551, at *3.

**B.      Plaintiff Fails to Plead Essential Elements of a Constructive Fraud Claim**

Even if it were not time-barred, Plaintiff's constructive fraud claim would still be facially insufficient. A claim of constructive fraud "requires . . . a fiduciary or confidential relationship between the parties." *Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 82 (S.D.N.Y. 2010), *aff'd*, 485 F. App'x 461 (2d Cir. 2012). *Accord Mme. Pirie's, Inc. v. Keto Ventures, LLC*, 151 A.D.3d 1363, 1364, 57 N.Y.S.3d 555, 557 (3d Dep't 2017). As is set forth below in regard to Plaintiff's malpractice and fiduciary duty claims, no such relationship existed between the Wachtel Defendants and the Trust. (*See* Points IV-V, *infra*).

Moreover, a claim of constructive fraud requires "a misrepresentation or omission of material fact…upon which the Plaintiff reasonably relied." *Saltz v. First Frontier*, 782 F. Supp. 2d

at 82. Here, the only "misrepresentations" alleged (FAC ¶¶67-69) were made in "correspondence between attorneys, dealing at arm's length on behalf of their parties, concerning an issue in pending litigation." *Kashelkar v. Rubin & Rothman*, 97 F. Supp. 2d 383, 393 (S.D.N.Y. 2000), *aff'd*, 1 F. App'x 7 (2d Cir. 2001), *cert. denied*, 534 U.S. 896 (2001). Such statements are not actionable as fraudulent misrepresentations. *Id.* (collecting cases).

Nor can Plaintiff allege reasonable reliance. Plaintiff claims that Dalia, the trustee of the Trust, relied on statements made by the Wachtel Defendants while the Wachtel Defendants were suing her. (FAC ¶70). This claim founders on "the bedrock principle that a *reasonable* person represented by a lawyer does not rely on the legal advice given him by an adversary." *Atwell v. Lisle Park District*, 286 F.3d 987, 992 (7th Cir. 2002) (Posner, J.) (emphasis in original). *Accord Kashelkar*, 97 F. Supp. 2d at 395 (citing *Nineteen New York Properties L.P. v. 535 5th Operating Inc.*, 211 A.D.2d 411, 412-13, 621 N.Y.S.2d 42, 43 (1st Dep't 1995)).

## IV.  THE MALPRACTICE CLAIM SHOULD BE DISMISSED

Plaintiff's Second Cause of Action (FAC ¶¶77-85) purports to sue all defendants for legal malpractice. This claim must be dismissed because (1) Plaintiff admits that there was never any attorney-client relationship between the Trust and the Wachtel Defendants, and because (2) the claim is time-barred.

### A.  The Trust Was Never a Client of the Wachtel Defendants

"In order to recover damages for legal malpractice, an attorney-client relationship must exist between the plaintiff and the defendant attorney." *Lombardi v. Lombardi*, 127 A.D.3d 1038, 1042, 7 N.Y.S.3d 447, 451 (2d Dep't 2015) (citations omitted). *Accord Droz v. Karl*, 736 F. Supp. 2d 520, 524 (N.D.N.Y. 2010) (citations omitted). No such attorney-client relationship ever existed between the Trust and the Wachtel Defendants.

The FAC admits that "the Orly Trust did not hire the Defendants as counsel, and accordingly there is no traditional attorney-client 'privity.'" (FAC ¶78). This concession is fatal to the malpractice claim.

Plaintiff argues that, because some of Orly's claims in the state-court litigation were brought as derivative claims, "the Wachtel Defendants had a duty to represent the interests of the Orly Trust" (FAC ¶82), supposedly resulting in "derivative privity between the Defendants and the Orly Trust." (FAC ¶78). This novel theory of "derivative privity" is insufficient to sustain a malpractice claim. Rather, New York adheres to "an attorney-protective strict privity rule," *LNC Inv., Inc. v. First Fid. Bank, Nat. Ass'n*, 935 F. Supp. 1333, 1351 (S.D.N.Y. 1996), and "has articulated a strong interest in protecting its resident attorneys from suits by non-clients," *id. See also Spivey v. Pulley*, 138 A.D.2d 563, 526 N.Y.S.2d 145 (2d Dep't 1988).

Under that rule, a plaintiff pursuing a malpractice action must plead that there was "actual privity" between the plaintiff and the defendant-lawyers. *AG Capital Funding Partners, L.P. v. State St. Bank & Tr. Co.*, 5 N.Y.3d 582, 595 (2005). There is no presumption that an attorney for a beneficiary, trust, or trustee represents any of the other parties to the trust. *See Mason Tenders District Council Pension Fund v. Messera*, 958 F. Supp. 869, 893 (S.D.N.Y. 1997) (stating that under New York law there is no presumed attorney-client relationship between trustee's attorney and trust or beneficiary).

## B. The Malpractice Claim Is Time-Barred

"An action to recover damages arising from an attorney's malpractice must be commenced within three years from accrual." *McCoy v. Feinman*, 99 N.Y.2d 295, 301, 755 N.Y.S.2d 693, 697 (2002) (citing N.Y. C.P.L.R. § 214[6]). *Accord Droz v. Karl*, 736 F. Supp. 2d at 527.

Accrual "is measured from the day an actionable injury occurs, even if the aggrieved party is then ignorant of the wrong or injury. What is important is when the malpractice was committed,

not when the client discovered it." *McCoy*, 99 N.Y.2d at 301, 755 N.Y.S.2d at 697 (citations omitted). *Accord Arnold v. KPMG LLP*, 543 F. Supp. 2d 230, 235 (S.D.N.Y. 2008), *aff'd*, 334 F. App'x 349, 352 (2d Cir. 2009).

Here, Plaintiff's only claim of injury is from the distribution of the settlement proceeds, which occurred in 2013. (FAC ¶¶55-56). This claim is thus barred by New York's statute of limitations.

## V.    THE FIDUCIARY DUTY CLAIMS ARE EQUALLY INSUFFICIENT

Plaintiff's Third and Fourth Causes of Action (FAC ¶¶86-92, 93-97) purport to assert claims for breach of fiduciary duty. These claims are based on the same facts, and allege the same injury, as the malpractice claim. "Under New York law, where a claim for breach of fiduciary duty is premised on the same facts and seeking the identical relief as a claim for legal malpractice, the claim for fiduciary duty is redundant and should be dismissed." *Norwind v. Roland*, 584 F.3d 420, 432-33 (2d Cir. 2009) (citations omitted).

In any event, the fiduciary duty claims are meritless, for the same reason as the malpractice claim: no fiduciary duty exists "[i]n the absence of mutual intent . . . to create a fiduciary relationship." *Wilson v. Dantas*, 746 F.3d 530, 536 (2d Cir. 2014). Given that the Trust "did not hire the Defendants as counsel" (FAC ¶78), there could not have been any "mutual intent" to create a fiduciary relationship.

Furthermore, these claims, like all of Plaintiff's other claims, are barred by New York's statute of limitations. The only relief sought on these claims is money damages. (FAC pp. 24-25 [prayer for relief]). And in New York, a "breach of fiduciary duty claim seeking only money damages–as Plaintiff's claim does here–is subject to a three-year limitations period." *Murphy v. Morlitz*, 2017 WL 4221472, at *6 (citing N.Y. C.P.L.R. § 214[4]; other citations omitted). *Accord*

*Universitas Education*, 2015 WL 9304551, at *3. "A claim for breach of fiduciary duty accrues, and the statute beings to run, upon the date of the alleged breach . . . ." *Murphy v. Morlitz*, 2017 WL 4221472, at *6.

Similarly, the Fifth Cause of Action (FAC ¶¶98-102) purports to sue the defendants for aiding and abetting Orly's alleged breach of her fiduciary duties to the Trust. This claim is also time-barred.

"The statute of limitations for each aiding and abetting claim is determined by the underlying tort." *Marketxt Holdings*, 693 F. Supp. 2d at 393. As set forth above, the statute of limitations bars any breach of fiduciary claim in this case, so the aiding and abetting claim must be dismissed as well.

## VI.    THE BREACH OF CONTRACT CLAIM IS FATALLY DEFECTIVE

Plaintiff's Seventh Cause of Action (FAC ¶¶ 110-119) is for breach of contract, based on the conclusory allegation that the Trust "was the intended third-party beneficiary" of the retainer agreement between Orly and Wachtel Missry (FAC ¶114), and that the Wachtel Defendants somehow breached that agreement by failing to pay "the proceeds of the 2013 Settlement Agreement" to the Trust (FAC ¶116).

This claim is facially insufficient because (i) it is duplicative of the malpractice claim; (ii) it is time-barred; and (iii) it fails to allege any facts showing that the Trust has any rights under the contract between Orly and Wachtel Missry.

### A.    This Claim Is Duplicative of the Legal Malpractice Claim

This claim is "based on the same facts underlying [Plaintiff's] legal malpractice cause of action and do[es] not allege distinctive damages. Accordingly, [it is] duplicative of the legal

malpractice cause of action" and should therefore be dismissed. *Tsafatinos v. Lee David Auerbach, P.C.*, 80 A.D.3d 749, 750 915 N.Y.S.2d 500, 500 (2nd Dep't 2011). *See also* Point V, *supra*.

### B.    This Claim, Like Plaintiff's Others, Is Time-Barred

"The statute of limitations applicable to actions sounding in legal malpractice is three years regardless of whether the underlying theory is based in contract or tort." *Tsafatinos*, 80 A.D.3d at 750, 915 N.Y.S.2d at 500 (quoting N.Y. C.P.L.R. § 214[6]). *Accord Rafter v. Liddle*, 704 F. Supp. 2d 370, 376-77 (S.D.N.Y. 2010); *Melendez v. Bernstein*, 29 A.D.3d 872, 872-73, 815 N.Y.S.2d 702, 704 (2d Dep't 2006). "The case law is clear that a party cannot avoid the more restrictive limitations period applicable to legal malpractice claims merely by casting the underlying claim in contract." *Roman y Gordillo, S.C. v. Bank of New York Mellon Corp.*, No. 12cv0212 (DF), 2015 WL 5786460 at, *19 (S.D.N.Y. Sept. 29, 2015). Because this claim is based on the same facts as the malpractice claim, and because the malpractice claim is time-barred (*see* Point IV[B], *supra*), this claim is likewise barred by the statute of limitations.

### C.    The Trust Is Not a Third-Party Beneficiary

Even if this claim were not time-barred, the FAC fails to sufficiently allege that the Trust has any rights under the retainer agreement between Orly and Wachtel Missry. A party claiming third-party beneficiary status must allege "that the contract was intended for the plaintiff's benefit and . . . that the benefit to the plaintiff is sufficiently immediate to indicate the assumption by the contracting parties of a duty to compensate the plaintiff if the benefit is lost." *Veleron Holding, B.V. v. Morgan Stanley*, 694 F. App'x 858, 861 (2d Cir.2017) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y. 3d 173, 182, 919 N.Y.S.2d 466, 471 (2011)).

The FAC alleges none of the things. Instead, it offers only the purely conclusory allegation that, "[o]n information and belief… [t]he Orly Trust was the intended third-party beneficiary of the

Wachtel Retainer Agreement." (FAC ¶114). A complaint does not sufficiently allege third-party beneficiary status when it "only offers conclusory allegations without pleading the pertinent terms of the purported agreement." *Mandarin Trading*, 16 N.Y. 3d at 182, 919 N.Y.S.2d at 471. The mere "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Edwards v. Sequoia Fund*, 938 F.3d at 12 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (other citations omitted)). Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient *factual* matter . . . to state a claim for relief that is plausible on its face." *Stratte-McClure v. Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015) (emphasis added) (quoting *Iqbal*, 556 U.S. at 678). The FAC contains no "factual matter" to support its conclusory claim that the Trust was an intended third-party beneficiary of Orly's agreement with Wachtel Missry.

The breach of contract claim should therefore be dismissed.

## VII. PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF COLLATERAL ESTOPPEL

The Wachtel Defendants join the argument presented in the Zeichner Defendants' motion to dismiss that Plaintiff's claims are barred by the doctrine of collateral estoppel. The FAC should therefore be dismissed.

## VIII. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

After defendants moved to dismiss Plaintiff's original complaint, this Court granted Plaintiff leave to amend, but cautioned that "[i]t is unlikely that Plaintiff will have a further opportunity to amend." (Doc. 30 at 1).

Plaintiff should not be given any further opportunity to assert its claims, all of which are clearly time-barred and suffer from other defects which could not be cured by amendment. Under such circumstances, granting leave to amend would be "futile." *E.g., Trombetta v. Novocin*, 414 F.

Supp. 3d 625, 634 (S.D.N.Y. 2019) (Abrams, J.); *Engles v. Jones*, 405 F. Supp. 3d 397, 403 (W.D.N.Y. 2019).

The FAC should be dismissed with prejudice.

## <u>CONCLUSION</u>

Plaintiff's claims are fundamentally flawed. The Wachtel Defendants were never the attorneys for the Trust, so they cannot be sued for malpractice or breach of fiduciary duty. The Trust was not a party to the settlement between Orly and the Trump Group, and therefore had no right to receive the proceeds of that settlement – as the New York Supreme Court held when the Trust, making the very same arguments it makes in this case, sought to challenge that settlement. In any event, all of Plaintiff's claims are barred by the statute of limitations.

The motion to dismiss the FAC should be granted and this action dismissed with prejudice as to the Wachtel Defendants.

Dated: New York, New York
      March 30, 2020

                                    Respectfully submitted,

                                    MORVILLO ABRAMOWITZ GRAND
                                    IASON & ANELLO P.C.

                                    By:    /s/ Edward M. Spiro
                                          Edward M. Spiro
                                    565 Fifth Avenue
                                    New York, New York 10017
                                    (212) 856-9600 (telephone)
                                    (212) 856-9494 (fax)
                                    espiro@maglaw.com

                                    *Attorneys for Defendants Wachtel Missry LLP*
                                    *and William B. Wachtel*