# EXHIBIT J

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of the Orly Genger 1993 Trust,
                                        Plaintiffs,
           v.
SAGI GENGER et al.,
                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

E-FILED CASE

INDEX No 651089/2010
IAS Part 12 (Feinman, JSC)

AFFIRMATION IN
RESPONSE TO MOTION
FOR PRELIMINARY INJUNCTION
AGAINST TRUMP GROUP

ROBERT A. MEISTER, a member of the New York Bar, hereby affirms under the penalties of perjury:

1    I am a member of the New York Bar and of the firm of Pedowitz & Meister, LLP, attorneys for defendant Dalia Genger, who is the sole Trustee of the Orly Trust, although sued in this action only in her individual capacity. I make this affirmation in connection with plaintiffs' motion for a preliminary injunction to restrain the Trump Group Defendants[1] from prosecution of their counterclaim in the Delaware state court action.

2    On October 26, 2011, this Court signed a Temporary Restraining Order restraining Dalia Genger from further prosecuting the Delaware state court action she had filed as Trustee of the Orly Genger 1993 Trust. At the presentation of the Order to Show Cause, I pointed out to the Court that earlier that morning the Trump Group had filed a counterclaim in the Delaware action, and I expressed concern that the TRO then proposed would restrain Dalia from defending it, to the potential harm of the Orly Genger Trust. The Court nevertheless granted the TRO.

---

[1]    The Trump Group Defendants are Defendants TR Investors, LLC, Glenclova Investment Co, New TR Equity I, LLC, New TR Equity II, LLC.

3       Now, as I feared, the Trump Group Defendants have not consented to stay the Delaware action, but rather oppose the new TRO seeking to restrain them from prosecuting their counterclaim in Delaware.

4       If this Court does not grant the TRO to restrain the Trump Group, the rights of the Orly Trust to defend its claim to the TRI Shares in the Delaware action will be prejudiced. Therefore, Dalia Genger respectfully requests the Court to vacate the TRO against her if the Court does not issue the TRO against the Trump Group.

5       This Court should also know that in the federal interpleader action relating to the $10.3 million that the Trump Group paid in escrow with respect to the Orly Trust TRI Shares:

>   A.  Dalia Genger, as Trustee of the Orly Genger Trust, filed a pleading with a Crossclaim seeking an adjudication that the TRI shares are beneficially owned by the Orly Genger Trust,
>   B.  the Trump Group Defendants have filed a pleading with a Crossclaim seeking an adjudication that they validly purchased those shares and beneficially own them and alternatively seeking a return of the interpleaded $10.3 million, and
>   C.  Dalia Genger, as Trustee, has filed an Answer to the Trump's Crossclaim seeking an adjudication that the Orly Genger Trust beneficially owns those shares or alternatively, is entitled to the $10.3 million interpleaded funds.

Thus the issue of who is the beneficial owner of those shares will be litigated by the federal court.[2]

New York, New York
November 8, 2011

_____
Robert A. Meister

---

[2]  Orly Genger, as beneficiary of the Trust, has filed a motion to dismiss the federal interpleader suit purportedly on the grounds of federal abstention in actions seeking to modify a decree in a matrimonial action, although none of the parties in that action were parties to the divorce action between Dalia Genger, individually, and Arie Genger. We filed papers in opposition to that motion, which will be fully briefed on November 11, 2011.