# EXHIBIT O

FILED: NEW YORK COUNTY CLERK 05/13/2014
NYSCEF DOC. NO. 928
INDEX NO. 651089/2010
RECEIVED NYSCEF: 05/13/2014

Case 1:19-cv-05641-VSB   Document 45-15   Filed 03/30/20   Page 2 of 7

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **BARBARA JAFFE** J.S.C.     Justice     PART _12_

Index Number : 651089/2010
GENGER, ARIE
vs.
GENGER, SAGI
SEQUENCE NUMBER : 023
OTHER RELIEFS

INDEX NO. _651089/10_
MOTION DATE _____
MOTION SEQ. NO. _023_

The following papers, numbered 1 to _____ , were read on this motion to/for _othr reliefs_

| | No(s). |
|---|---|
| Notice of Motion/Order to Show Cause — Affidavits — Exhibits | |
| Answering Affidavits — Exhibits | |
| Replying Affidavits | |

Upon the foregoing papers, it is ordered that this motion is

**DECIDED IN ACCORDANCE WITH ACCOMPANYING DECISION / ORDER**

Dated: MAR 2 1 2014 _____, J.S.C.

1. CHECK ONE: .................................................. ☐ CASE DISPOSED ☑ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ........................... MOTION IS: ☐ GRANTED ☑ DENIED ☐ GRANTED IN PART ☐ OTHER
3. CHECK IF APPROPRIATE: ................................................ ☐ SETTLE ORDER ☐ SUBMIT ORDER
☐ DO NOT POST ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Scanned to New York EF on 3/24/14 mk

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK : PART 12
----------------------------------------------------------------------x
ARIE GENGER and ORLY GENGER, in her individual
capacity and on behalf of THE ORLY GENGER 1993 TRUST,

                      Plaintiffs,

       -against-

SAGI GENGER, TPR INVESTMENT ASSOCIATES, INC.,
DALIA GENGER, THE SAGI GENGER 1993 TRUST,
ROCHELLE FANG, individually and as trustee of
THE SAGI GENGER 1993 TRUST, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC,
NEW TR EQUITY I, LLC, NEW TR EQUITY II, LLC,
JULES TRUMP, EDDIE TRUMP AND MARK HIRSCH,

                      Defendants.

Index No. 651089/10

Motion Seq. No. 023

**DECISION AND ORDER**

----------------------------------------------------------------------x
SAGI GENGER, individually and as assignee of
THE SAGI GENGER 1993 TRUST, and TPR INVESTMENT
ASSOCIATES, INC.,

                      Cross-Claimants, Counterclaimants,
                      and Third-Party Claimants,

       -against-

ARIE GENGER, ORLY GENGER, GLENCLOVA
INVESTMENT COMPANY, TR INVESTORS, LLC, NEW TR
EQUITY I, LLC, NEW TR EQUITY II, LLC, JULES TRUMP,
EDDIE TRUMP, MARK HIRSCH, TRANS-RESOURCES, INC.,
and WILLIAM DOWD,

                      Cross-Claim, Counterclaim and/or
                      Third-Party Claim Defendants.
----------------------------------------------------------------------x
BARBARA JAFFE, JSC:

       Sagi Genger (Sagi), The Sagi Genger 1993 Trust (Sagi Trust) and TPR Investment

Associates, Inc. (TPR) ask that I 1) decline to "so-order" a stipulation of settlement, unless and

until the settlement and all settlement-related documents have been produced to all interested

parties; and 2) enjoin and restrain plaintiff Orly Genger from implementing, accepting consideration from, or in any way enjoying the benefits of the settlement, unless and until movants' arguments about the settlement have been heard. Orly opposes the motion.

## I. BACKGROUND

The parties to the settlement referenced in the stipulation are, primarily, Arie Genger, Orly Genger and the Trump Group, composed of Glenclova Investment Company, TR Investors, LLC, New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump, Eddie Trump, and Mark Hirsch. Movants ask that I not so-order the stipulation because 1) Orly settled derivative claims belonging to the Orly Trust; and 2) the Sagi Trust, the remainderman beneficiary of the Orly Trust, will be harmed if Orly is not enjoined from taking the settlement proceeds for herself, as such proceeds belong to the Orly Trust, not to Orly personally.

After being provided with a copy of the settlement agreement for *in camera* review, a conference call was held with me on June 27, 2013 and all the parties in interest, including counsel. (NYSCEF 487). As a result of the conference call, a statement was inserted into the stipulation reflecting that Orly had settled her claims against the Trump Group "in her individual capacity and as beneficiary of" the Orly Trust. The statement was initialed by counsel for Orly, Arie, and the Trump Group. Because the stipulation was so-ordered, the request that I decline to do so is moot, as is the request for the production or disclosure of the settlement agreement and related documents, which I denied by order dated December 18, 2013, rendered in a closely related, if not substantially identical, matter. (NYSCEF 700).

The remaining issues raised in this motion are whether Orly settled derivative claims of the Orly Trust, and if so, whether she should be enjoined from taking and using proceeds of the

settlement for her sole benefit. Movants allege that, although the stipulation specifies that Orly settled claims against the Trump Group in her individual capacity and as beneficiary of the Orly Trust, she actually settled derivative claims belonging to the Orly Trust. Thus, they argue that the settlement proceeds belong to the Orly Trust. They rely in large part on a letter to me dated June 28, 2013 in which counsel for the Trump Group states, in relevant part, that "[c]ertain of Orly Genger's claims against the Trump Group in this action have been held by Justice Feinman to be derivative in nature," and that "[e]xcluding such claim from the claims that are to be dismissed is not what the Trump Group bargained and paid for in the settlement . . . ." (NYSCEF 485). At oral argument, counsel for the Trump Group explained that the stipulation submitted to me for approval indicated that "Orly was signing in whatever capacities she has," and that the so-ordered stipulation "supersedes" the arguments advanced in the June 28 letter. (NYSCEF 651 at 6, 8). In essence, the parties to the settlement agreement concur that the only claims released by Orly against the Trump Group were those "that Orly made on her own behalf and as a beneficiary of the [Orly Trust]" (NYSCEF 651 at 11), and that the Trump Group agreed to the language inserted in the so-ordered stipulation (NYSCEF 651 at 12 ["Your Honor, my colleague, Mr. Allingham, signed the interlineated order as you entered it. We agree to whatever that order is."]).

Dalia Genger, trustee of the Orly Trust, neither filed nor joined in the instant motion. Instead, she signed an affidavit, dated June 28, 2013, asserting that "an analysis of the claims [filed by Orly against the Trump Group] shows that they are entirely claims of the Orly Trust and that she has no individual rights separate therefrom." (NYSCEF 483, ¶ 2). Dalia's assertion is not supported or accompanied by any analysis of the subject claims, and is fatally conclusory.

3

Similarly, movants only "suspected" that "derivative Orly Trust claims" were settled in the settlement agreement, and now allege that their suspicion is bolstered by the June 28 letter. (NYSCEF 577, ¶ 6). And, having found that "Dalia - as trustee of Orly's Trust - had a conflict of interest in releasing herself as part of the October 2011 and March 2012 settlement agreements [embodying the proposed transactions]" (*Genger v Genger*, -- AD3d --, 2014 NY Slip Op 01421 *2 (1st Dept 2014), the Appellate Division throws doubt on Dalia's standing to complain.

In the settlement agreement, Orly stops short of releasing derivative claims. Rather, in paragraph 8 of the agreement, she only agrees to "cooperate" and "cause" the Orly Trust to release any and all claims against he Trump Group. At any rate, and to the extent that there remain issues of fact and law as to which claims filed by Orly against the Trump Group belong to Orly individually and/or are derivative claims belonging to the Orly Trust, I invite the parties to the settlement agreement to set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released by the agreement. Unless and until the issue of derivative claims is resolved, I cannot determine whether some or all of the settlement proceeds with the Trump Group belong to Orly or the Orly Trust, particularly when the Sagi Trust has asserted a contingent remainderman interest in the Orly Trust.

Orly's counsel also challenges the legal standing of the Sagi Trust in making this motion, as it is undisputed that TPR has no interest in the Orly Trust. At oral argument, counsel contended that given Orly's youth and good health, the Sagi Trust's interest "is only contingent, and if [Orly] does have issue, it is destroyed forever," and thus such interest "is speculative at best." (NYSCEF 651 at 13; NYSCEF 548 at 3). Counsel also noted that even though a

4

contingent remainderman has "limited standing," movants cite no authority "allow[ing] them to highjack [sic] a settlement based upon contingent remainderman status." (NYSCEF 651, at 14). As movants seek injunctive relief against Orly, they must establish their standing to pursue such relief, which they have failed to do. Hence, the requested relief is denied without prejudice.

Although I have reviewed the settlement agreement and so-ordered the related stipulation, in accordance with *Mahoney v Turner Constr. Co.* (61 AD3d 101 [1st Dept 2009]), signing the stipulation only resolves the parties' dispute regarding whether the terms and related documents should be produced or disclosed.

Accordingly, based on the foregoing, it is hereby

ORDERED, that the branch of the instant motion seeking an order declining to "so-order" that certain "Second Amended Stipulation of Discontinuance with Prejudice," dated as of June 20, 2013 (the Stipulation), is denied as moot; it is further

ORDERED, that the branch of the instant motion seeking, in effect, an order requiring the disclosure or production of that certain settlement agreement referenced in the Stipulation is denied as moot; and it is further

ORDERED, that the branch of the instant motion seeking to enjoin or restrain plaintiff from implementing, accepting consideration from, or in any way enjoying the benefits of the settlement agreement is denied without prejudice.

ENTER:

_____
Barbara Jaffe, JSC.

Dated:  March 20, 2014
        New York, NY

5