# EXHIBIT R

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x
ARIE GENGER and ORLY GENGER, in her       :
individual capacity and on behalf of
THE ORLY GENGER 1993 TRUST,               :    Index No. 651089/2010
                                                (Jaffe, B. JSC)
                                          :
        Plaintiffs,
                                          :

        -against-                         :

SAGI GENGER, TPR INVESTMENT               :
ASSOCIATES, INC., DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE          :
FANG, individually and as trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA              :
INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR         :
EQUITY II, LLC, JULES TRUMP, EDDIE
TRUMP AND MARK HIRSCH,                    :

        Defendants.
------------------------------------------------------------------x
SAGI GENGER, individually and as assignee of  :
THE SAGI GENGER 1993 TRUST, and TPR
INVESTMENT ASSOCIATES, INC.               :

        Cross-Claimants, Counterclaimants, and  :
        Third-Party Claimants,
                                          :
        -against-
                                          :

ARIE GENGER, ORLY GENGER,
GLENCLOVA INVESTMENT COMPANY,             :
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,
NEW TR EQUITY II, LLC, JULES TRUMP,       :
EDDIE TRUMP, MARK HIRSCH,
TRANS-RESOURCES, INC., WILLIAM            :
DOWD, and THE ORLY GENGER 1993 TRUST,
                                          :
        Cross-Claim, Counterclaim and/or
        Third-Party Defendants.           :
------------------------------------------------------------------x

MEMORANDUM OF LAW IN SUPPORT
OF TRUSTEE DALIA GENGER'S MOTION
TO SUBSTITUTE FOR PLAINTIFF ORLY GENGER
ON HER DERIVATIVE CLAIMS AGAINST THE TRUMP GROUP
AND FOR AN ORDER DIRECTING
SETTLEMENT PROCEEDS TO
BE PAID INTO COURT

Judith Lisa Bachman, Esq.
254 S. Main Street, Suite 306
New City, New York 10956
845-639-3210

Table of Contents

Table of Authorities ................................................................................................. i

Preliminary Statement ............................................................................................ 1

Statement of Facts .................................................................................................. 1

Argument

    Point I

        Substitution of Derivative Plaintiff Orly Genger
        Is Necessary Because She No Longer
        Represents the Orly Trust on the
        Trump Group Claims And She Has Suggested the Trustee
        "Pick Up the Cudgel" on those Claims .................................................. 4

    Point II

        The Proceeds of the Settlement
        Should be Paid into Court
        To Protect the Fund ................................................................................. 5

Conclusion ............................................................................................................. 10

Table of Authorities

Cases

Bonham v Coe, 249 A.D. 428, 292 N.Y.S. 423 (4th Dep't 1937)   9

Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947)   6

Conforti v. Goradia, 234 A.D.2d 237, 651 N.Y.S.2d 506 (1st Dep't 1996)   6

Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table)
(Sup. Ct. N.Y. County 2008), rev'd on other grounds,
66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008)   6

In re Carroll's Estate, 153 Misc. 649, 275 N.Y.S. 911 (Sur. Ct. 1934)   9

In re Martin's Estate, 96 N.Y.S.2d 842 (Surr. Ct. 1950)   9

In re Roosevelt's Estate, 131 Misc. 800, 228 N.Y.S. 323 (Sup. Ct. 1928)   9

James v. Bernhard, 106 A.D.3d 435, 965 N.Y.S.2d 56 (1st Dep't 2013)   4, 5

Lade v. Levitt, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970)   6, 9

Rice v. DiNapoli, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table)
(Sup. Ct. Albany County 2009)   6, 9

Titus v. Empire Mink Corp., 17 N.Y.S.2d 909 (Sup. Ct. 1939)   9

Werner v. Werner, 70 Misc.2d 1051, 334 N.Y.S.2d 966 (Sup. Ct. Albany County 1982)   6

Statutes and Rules

CPLR 2701   6, 9

Preliminary Statement

Dalia Genger, as trustee for the Orly Trust, moves to be substituted in for derivative plaintiff Orly Genger on the claims Orly brought on behalf of the Orly Trust against the Trump Group since "Orly no longer represents the Orly Trust as to the Trump Group".

As the substituted plaintiff, Dalia Genger, as trustee for the Orly Trust, respectfully requests an order pursuant to CPLR 2701 directing that the settlement fund from the Trump Group be paid into court since the Court "cannot determine whether <u>some or all</u> of the settlement proceeds with the Trump Group belong to <u>Orly or the Orly Trust</u>." Order of the Court, Filed May 13, 2014, Doc. 925 at 4 (emphasis added).

Statement of Facts

Dalia Genger is the trustee of the Orly Genger 1993 Trust ("Orly Trust"). In this action, Orly Genger ("Orly") instituted direct and derivative claims on behalf of the Orly Trust against various defendants, including the so-called Trump Group.

Orly settled with the Trump Group defendants. Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Affirmation of Judith Bachman, dated August 11, 2014 ("Bachman Aff.').

"A material term of the agreement among the settling parties was the dismissal of ***all*** claims presently pending against one another, in whatever capacity they were brought. [If the settlement stipulation was drafted so as to] have the effect of ***not*** dismissing Orly Genger's derivative claims against the Trump Group, contrary to the agreement of the settling parties. Excluding such claims from the claims that are to be dismissed is not what the Trump Group bargained and paid for in the settlement . . ." Letter to the Court from Thomas J. Allingham II, dated June 28, 2010, Doc. 728 at 2, attached as Exhibit 2 to the Bachman Aff. (emphasis added).

The Trump Group later reaffirmed this aspect of the settlement:

> "[any suggestion] that the confidential settlement agreement *might* only dismiss Orly's individual claims against the Trump Group, but not resolve the Orly Trust's claims against the Trump Group and the TPR Group. (Opp'n Br. at 28) . . . is counterfactual. This Court has already held that certain of Orly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. *See Genger v. Genger*, 966 N.Y.S.2d 346, 2013 WL 221485, at *6 (N.Y. Sup. Ct. Jan. 3, 2013) (TABLE) (citing *Genger v. Genger,* No. 109749/2009 (N.Y. Sup. Ct. June 28, 2010)). In settling the claims among them, the Trump Group, Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another. This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

Reply Memorandum of Law of Trump Group, Filed April 17, 2014, Doc. 888 at 22-23, attached as Exhibit 3 to the Bachman Aff.

Evidencing this intent, in paragraph 8 of her settlement agreement, Orly agreed to "cooperate" and "cause" the Orly Trust to release any and all claims against the Trump Group." Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.

Pursuant to that duty, Orly not only settled all her claims in this case; she also caused the Orly Trust to release claims against the Trump Group in a parallel Delaware case.  Specifically, at the time of the Trump Group settlement, the Orly Trust was maintaining a proceeding in Delaware Chancery Court.  Following her Trump Group settlement, Orly's counsel twice wrote to Chancellor Strine urging "the dismissal of the last remaining Genger related case in Delaware" and "acknowledg[ing] individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust." Exhibit M, Filed June 2, 2014, Doc. 1034, attached as Exhibit 5 to the Bachman Aff.  Satisfied that Orly no longer wanted the Orly Trust to pursue its claims, the

2

Chancery Court dismissed the Orly Trust's claims in that case with prejudice. Exhibit N, Filed June 2, 2014, Doc. 1034, attached as Exhibit 6 to the Bachman Aff.

Notwithstanding the provisions of her own Trump Group settlement agreement and her representations to the Delaware Chancery Court, Orly told this Court that her Trump Group settlement "only dismisses Orly's individual claims against the Trump Group, but does not resolve or dismiss any claims of the Orly Trust against the Trump Group". Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. Moreover, Orly stated that she "no longer represents the Orly Trust as to the Trump Group (while allowing Dalia Genger to pick up the cudgel if she so chooses) . . ." Id. (emphasis added).

In light of these conflicting statements, this Court "invite[d] the parties to the settlement agreement to set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released in the agreement." Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.

Conveniently for them, none of the parties to the settlement agreement complied with the Court's request to "set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released in the agreement." Id. In fact, Orly's counsel explicitly refused to comply with that request. Email Correspondence dated May 26, 2014, attached as Exhibit 7 to the Bachman Aff.

Accordingly, this Court held that "[u]nless and until the issue of [the status of the] derivative claims is resolved, I cannot determine whether some or all of the settlement proceeds with the Trump Group belong to Orly or the Orly Trust . . ." Order of the Court, Filed May 13, 2014, Doc. 925 at 4 (emphasis added), attached as Exhibit 4 to the Bachman Aff.

Even in the presence of this conveniently self-manufactured uncertainty by Orly as to whom the settlement proceeds belong to, *i.e.,* Orly or the Orly Trust, counsel for both Orly and the Trump Group have represented in Court that cash payments <u>were made and will be made only to Orly</u>. Exhibit N, Filed June 2, 2014, Doc. 1034, attached as Exhibit 6 to the Bachman Aff. ("Orly did sign the settlement agreement, and that's a settlement in which real money is changing hands and will continue to change hands."). Upon information and belief, Orly used the proceeds to pay her own debts, and those of her father, acts which are explicitly prohibited by the Orly Trust agreement.

To protect the interests of the Orly Trust, Dalia Genger, as trustee of the Orly Trust, now moves this Court for an order of substitution for derivative plaintiff Orly Genger on the Orly Trust Trump Group claims and for an order directing that the settlement fund with the Trump Group be deposited into Court.

### Point I

### Substitution of Derivative Plaintiff Orly Genger Is Necessary Because She No Longer Represents the Orly Trust on the Trump Group Claims And She Has Suggested the Trustee "Pick Up the Cudgel" on those Claims

Pursuant to CPLR 1021, "a motion for substitution may be made by the successors or representatives of a party or by any party."

Such substitution is appropriate, and indeed necessary, when a derivative plaintiff is no longer an appropriate representative plaintiff. <u>James v. Bernhard</u>**,** 106 A.D.3d 435, 965 N.Y.S.2d 56 (1st Dep't 2013).

In James, the Court found that the substitution of independent directors in place of a club member derivative plaintiff was necessary where the derivative plaintiff club member no longer represented the club's interests.

Here too, substitution for derivative plaintiff Orly Genger is necessary because Orly Genger no longer represents the Orly Trust on those claims, and indeed she has suggested that the Trustee should "pick up the cudgel". Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. Orly Genger, the party to be substituted, has expressly acknowledged that such substitution is appropriate: "Orly no longer represents the Orly Trust as to the Trump Group (while allowing Dalia Genger to pick up the cudgel if she so chooses) . . ." Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. (emphasis added).

Since, by her own admission and, in fact urging, Orly has said that Dalia Genger has standing to make this motion and "pick up the cudgel" on the Orly Trust Trump Claims, Dalia Genger, as Trustee, must be substituted for Orly as to the Orly Trust Trump Group claims. Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff. This substitution will, as described more fully below, protect the Orly Trust's interest in the settlement with the Trump Group.

Point II

The Proceeds of the Settlement
Should be Paid into Court
To Protect the Fund

A court may direct that funds should be paid into court if

> 1. a party has such property in his possession, custody or control as trustee for another party or where it belongs or is due to another party; or

> 2. a party has such property in his possession, custody or control and it belongs or is due to another party, where special circumstances make it desirable that payment or delivery to such other party should be withheld;
>
> 3. the ownership of such property will depend on the outcome of a pending action and no party is willing to accept possession or custody of it during the pendency of the action.

CPLR 2701.  See, e.g., Conforti v. Goradia, 234 A.D.2d 237, 651 N.Y.S.2d 506  (1st Dep't 1996).

Where two parties dispute entitlement to a settlement fund of money, a court should direct payment of the fund into court under CPLR 2701, rather than allow payment to one party, to protect that fund and the mutual interests of the parties.  Lade v. Levitt, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970); Rice v. DiNapoli, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table) (Sup. Ct. Albany County 2009); Werner v. Werner, 70 Misc.2d 1051, 334 N.Y.S.2d 966 (Sup. Ct. Albany County 1982)

In the instant action, this Court has held "[u]nless and until the issue of [the status of the] derivative claims is resolved, I cannot determine whether some or all of the settlement proceeds with the Trump Group belong to Orly or the Orly Trust . . ." ."  Order of the Court, Field May 13, 2014, Doc. 925 at 4 (emphasis added), attached as Exhibit 4 to the Bachman Aff.

This difficulty flows from the fact that any settlement of Orly's derivative claims on behalf of the Orly Trust belongs to the Orly Trust and not to Orly, individually.  See Gusinsky v. Bailey, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table) (Sup. Ct. N.Y. County 2008), rev'd on other grounds, 66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008); Clarke v. Greenberg, 71 N.E.2d 443, 296 N.Y. 146 (1947).   Any payment of the settlement funds to Orly or any other person which belong to the Orly Trust, is improper.

6

It appears that Orly has deliberately manufactured confusion as to whether or not she settled the Orly Trust derivative claims against the Trump Group so that she can take all of the settlement funds for herself rather than have them paid to the Orly Trust. Counsel for both Orly and the Trump Group have represented in Court that cash payments <u>were made and will be made only to Orly</u>. Exhibit N, Filed June 2, 2014, Doc. 1034, attached as Exhibit 6 to the Bachman Aff. ("Orly did sign the settlement agreement, and that's a settlement in which real money is changing hands and will continue to change hands.")

Such payment only to Orly, and not the Orly Trust, is improper, since there is compelling evidence that some, if not all, of the settlement funds belong to the Orly Trust as the result of the settlement of derivative claims against the Trump Group.

The Trump Group, one of the settling parties, believes the derivative Orly Trust claims have been settled: "A material term of the agreement among the settling parties was the dismissal of **all** claims presently pending against one another, in whatever capacity they were brought. [If the settlement stipulation was drafted so as to] have the effect of ***not*** dismissing Orly Genger's derivative claims against the Trump Group, contrary to the agreement of the settling parties. Excluding such claims from the claims that are to be dismissed is not what the Trump Group bargained and paid for in the settlement . . ." Letter to the Court from Thomas J. Allingham II, dated June 28, 2010, Doc. 728 at 2, attached as Exhibit 2 to the Bachman Aff. (emphasis added). The Trump Group reaffirmed this aspect of the settlement:

> [any suggestion] that the confidential settlement agreement ***might*** only dis-miss Orly's individual claims against the Trump Group, but not resolve the Orly Trust's claims against the Trump Group and the TPR Group. (Opp'n Br. at 28) . . . is counterfactual. This Court has already held that certain of Or-ly's claims in this action, including the remaining claims, are derivative in nature, and may be maintained by Orly on behalf of the Orly Genger 1993 Trust. *See Genger v. Genger*, 966 N.Y.S.2d 346, 2013 WL 221485, at *6 (N.Y. Sup. Ct. Jan. 3, 2013) (TABLE) (citing *Genger v. Genger,* No. 109749/2009 (N.Y.

7

> Sup. Ct. June 28, 2010)). In settling the claims among them, the Trump Group, Trans-Resources, Orly and Arie agreed to the dismissal of all claims presently pending against one another. This agreement is memorialized in the Second Amended Stipulation of Discontinuance.

Reply Memorandum of Law of Trump Group, Filed April 17, 2014, Doc. 888 at 22-23, attached as Exhibit 3 to the Bachman Aff.

Further, in paragraph 8 of her settlement agreement, Orly agreed to "cooperate" and "cause" the Orly Trust to release any and all claims against the Trump Group." Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff. Pursuant to that duty, Orly not only settled all her claims in this case; she also caused the Orly Trust to release claims against the Trump Group in a parallel Delaware case, when she twice had her counsel urge (and later obtain) for "the dismissal of the last remaining Genger related case in Delaware" and "acknowledg[ing] individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust." Exhibit M, Filed June 2, 2014, Doc. 1034, attached as Exhibit 5 to the Bachman Aff.

All of these facts compel the conclusion that Orly's Trump Group settlement in this action resulted in the dismissal of both her individual and derivative claims, and that some, if not all, of the settlement fund belongs to the Orly Trust.

Yet, in self-manufactured confusion, notwithstanding the provisions of her own Trump Group settlement agreement and her representations to the Delaware Chancery Court, Orly told this Court that she "only dismisses Orly's individual claims against the Trump Group, but does not resolve or dismiss any claims of the Orly Trust against the Trump Group". Memorandum of Law of Orly Genger, Doc. 775 at 2, attached as Exhibit 1 to the Bachman Aff.

8

In light of the conflicting statements, this Court "invite[d] the parties to the settlement agreement to set forth the claims given up by Orly in her individual and beneficial capacities, and to explain why any derivative claims advanced in the complaint are not released in the agreement."  Order of the Court, Filed May 13, 2014, Doc. 925 at 4, attached as Exhibit 4 to the Bachman Aff.   Conveniently for them, none of the parties to the settlement agreement complied with the Court's request.   Email Correspondence dated May 26, 2014, attached as Exhibit 7 to the Bachman Aff.

With these efforts, Orly succeeded in clouding the question of to whom the settlement proceeds belong: the Court "cannot determine whether <u>some or all</u> of the settlement proceeds with the Trump Group belong to <u>Orly or the Orly Trust</u> . . .".

Such self-manufactured confusion, though, is the very reason why the settlement proceeds must be paid into Court[1] - - to protect that fund and the mutual interest of the parties. <u>Lade v. Levitt</u>, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970); <u>Rice v. DiNapoli</u>, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table) (Sup. Ct. Albany County 2009).  Without such an order, the Orly Trust will be denied the opportunity to obtain any of the settlement proceeds paid as the result of settling claims belonging to the Orly Trust.

---

[1] Such an order must be made against all of the settling parties since it is undisclosed who is holding the settlement proceeds.  If such payment has already been made, then the recipient stands in relation as a quasi trustee of the Orly Trust and/or is in possession of funds which belong to the Orly Trust.  <u>Bonham v Coe</u>, 249 A.D. 428, 292 N.Y.S. 423 (4th Dep't 1937); <u>In re Martin's Estate</u>, 96 N.Y.S.2d 842 (Surr. Ct. 1950); <u>In re Roosevelt's Estate</u>, 131 Misc. 800, 228 N.Y.S. 323 (Sup. Ct. 1928); <u>Titus v. Empire Mink Corp.</u>, 17 N.Y.S.2d 909  (Sup. Ct. 1939); <u>In re Carroll's Estate</u>, 153 Misc. 649, 275 N.Y.S. 911 (Sur. Ct. 1934).  This state of facts fits squarely within CPLR 2701.

Conclusion

Dalia Genger as Trustee must be substituted in for derivative plaintiff Orly Genger since "Orly no longer represents the Orly Trust as to the Trump Group" and the settlement proceeds must be paid into Court since the Court "cannot determine whether <u>some or all</u> of the settlement proceeds with the Trump Group belong to <u>Orly or the Orly Trust</u> . . ."

Dated: New City, New York
      August 11, 2014

                                             /s/
                                    Judith Lisa Bachman, Esq.
                                    254 S. Main Street, Suite 306
                                    New City, New York 10956
                                    845-639-3210