# EXHIBIT S

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

----------------------------------------------------------------x

ARIE GENGER and ORLY GENGER, in her           :
individual capacity and on behalf of
THE ORLY GENGER 1993 TRUST,                    :          Index No. 651089/2010
                                                         (Jaffe, B. JSC)
                                               :

                    Plaintiffs,                :

                    -against-                  :

SAGI GENGER, TPR INVESTMENT                    :
ASSOCIATES, INC., DALIA GENGER, THE
SAGI GENGER 1993 TRUST, ROCHELLE               :
FANG, individually and as trustee of THE SAGI
GENGER 1993 TRUST, GLENCLOVA                    :
INVESTMENT COMPANY, TR INVESTORS,
LLC, NEW TR EQUITY I, LLC, NEW TR              :
EQUITY II, LLC, JULES TRUMP, EDDIE
TRUMP AND MARK HIRSCH,                         :

                    Defendants.
----------------------------------------------------------------x

SAGI GENGER, individually and as assignee of   :
THE SAGI GENGER 1993 TRUST, and TPR
INVESTMENT ASSOCIATES, INC.                    :

        Cross-Claimants, Counterclaimants, and :
        Third-Party Claimants,

                                               :

                    -against-                  :

ARIE GENGER, ORLY GENGER,                      :
GLENCLOVA INVESTMENT COMPANY,
TR INVESTORS, LLC, NEW TR EQUITY I, LLC,       :
NEW TR EQUITY II, LLC, JULES TRUMP,
EDDIE TRUMP, MARK HIRSCH,                      :
TRANS-RESOURCES, INC., WILLIAM
DOWD, and THE ORLY GENGER 1993 TRUST,          :

        Cross-Claim, Counterclaim and/or       :
        Third-Party Defendants.
----------------------------------------------------------------x

DALIA GENGER'S
MEMORANDUM OF LAW IN
FURTHER SUPPORT OF
MOTION FOR
SUBSTITUTION AND
PAYMENT INTO COURT

Judith Lisa Bachman, Esq.
Counsel for Defendant
Dalia Genger, Trustee
254 South Main Street, Suite 306
New City, New York 10956
845-639-3210

Table of Contents

Orly's Attorneys Told the Court that the Orly Trust Claims Had Not Been Settled          1

Revelation that the Orly Trust Claims Were Actually Settled          2

Because of Orly's Settlement of the Orly Trust Claims,
Payment Must be Made into Court          3

No Dispute that a 2701 Deposit into Court Must be Made          4

    A.  Trump Group Response to 2701 Motion          5

    B.  Gengers' Response to 2701 Motion          6

Sagi Trust's Joinder of This Motion          8

Trump Group Should Pay Fees and Costs to Dalia, Not the Reverse          8

Table of Authorities

Cases

Clarke v. Greenberg,
    71 N.E.2d 443, 296 N.Y. 146 (1947)        6

Conforti v. Goradia,
    234 A.D.2d 237, 238, 651 N.Y.S.2d 506  (1st Dep't 1996)        5

Gusinsky v. Bailey,
    21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table) (Sup. Ct. N.Y. County 2008),
    rev'd on other grounds, 66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008)        6

Lade v. Levitt,
    33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970)        6

Rice v. DiNapoli,
    23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table) (Sup. Ct. Albany County 2009)    6

Werner v. Werner,
    70 Misc.2d 1051, 334 N.Y.S.2d 966 (Sup. Ct. Albany County 1982)        6

Statutes and Rules

CPLR 2701        5

New York Rule of Professional Conduct 3.3(b)        8

Dalia Genger, as the sole trustee of the Orly Trust, moved to be substituted into this action for plaintiff Orly Genger on her derivative claims against the Trump Group, and for an order pursuant to CPLR 2701 directing that the settlement fund from the Trump Group ("the Trump Group Settlement") be paid into Court.

Dalia made this motion in August of 2014. As a result of innumerable delays by the opposition, this matter is only being heard now. It is important to note, however, that what Dalia knows today is very different then what she knew back in August, 2014. When this Motion was first made, Orly's attorneys were refusing to produce the June 2013 agreement memorializing the Trump Group Settlement. Thus, Dalia could only rely on the representations of Orly's attorneys as to how the Trump Group Settlement affected the Orly Trust.

<u>Orly's Attorneys Told the Court that the Orly Trust Claims Had Not Been Settled</u>

As of August, 2014, Orly's attorneys told this Court that her Trump Group Settlement "only dismisses Orly's individual claims against the Trump Group, but does not resolve or dismiss any claims of the Orly Trust against the Trump Group". Mem.of Law of Orly Genger, NYSCEF Doc. No. 775 at 2, Moving Bachman Aff., Ex. 1. Orly's attorneys further claimed that "<u>Dalia Genger [can] pick up the cudgel if she so chooses</u>". <u>Id</u>. (emphasis added).[1]

---

[1] Amazingly, Orly's attorneys now claim that "[i]f Dalia truly believes the Orly Trust should "pick up the cudgel" against the Trump Group in this litigation, the proper course is for her to resign and let a new trustee who is conflict-free and acceptable to Orly advance those claims." This is highly disingenuousness. Under Section 8(b) of hers settlement agreement, Orly agreed to "use [her] best efforts to cause [any replacement] trustee to agree in writing on behalf of the Orly Genger 1993 Trust that it shall be a member of the AG Group for purposes of providing the indemnity contained in Paragraph 5." In other words, the Orly Trust would have to indemnify the Trump Group for the Orly Trust's own claims.

1

With that representation, Dalia was compelled as a fiduciary to try to "pick up the cudgel" and use it to prosecute the Orly Trust claims against the Trump Group.  Thus, Dalia brought this Motion, in part, to be substituted for Orly on the Trump Group claims.

<u>Revelation that the Orly Trust Claims Were Actually Settled</u>

Later developments have belied the claims of Orly's lawyers.  Most recently, Judge Forrest of the United States District Court for the Southern District of New York directed Orly to produce the Trump Group Settlement agreement.  Affirmation of Judith Bachman, dated Feb. 20, 2015 ("Reply Bachman Aff."), Ex. 1.  That agreement demonstrates that Orly has left Dalia with no "cudgel" to pick up and use on the Trump Group claims, because Orly expressly released the Orly Trust's claims as part of the Trump Group Settlement.

Specifically, in Section 6(a) of the settlement agreement, Orly settled  and released all of her claims in the Trump Group Settlement in both her derivative, and individual, capacities.  Reply Bachman Aff., Ex. 1 at 10-13 (releasing the Trumps "in all capacities.")  In Section 8(a), Orly further agreed to "cause" the Orly Trust to do the same.  <u>Id.</u> at 16.

Orly's settlement of the Orly Trust claims has since been twice confirmed by the federal courts.  First, on May 15, 2014, U.S. District Judge Keenan held that: "Pursuant to [the Trump Group] [S]ettlement, Orly acknowledged that the Trump Group is the record and beneficial owner of the Orly Trust Shares. … At long last, the dispute regarding ownership of the Orly Trust Shares is over."   Reply Bachman Aff., Ex 2.  Thereafter, on January 5, 2015, U.S. District Judge Forrest held that, by the Trump Group Settlement "Orly monetized her beneficial interest <u>in the Orly Trust</u> shares for $32.3 million".  Reply Bachman Aff., Ex 3 (emphasis added).  These judicial determinations estop Orly from any contention to the contrary.

2

Consistent with these judicial holdings and the plain language of the settlement agreement itself, the Trump Group, as part of this Motion, admits that: "the Trump Group settled with Orly, acting individually and for the Orly Trust, … [including] all claims against the Trump Group, which Orly had settled and dismissed pursuant to the Settlement Agreement."  NYSCEF Doc. No. 1210  at 3. (Emphasis added.)

Finally, Orly's attorneys, by their own actions, have also implicitly acknowledged that Orly globally settled the Orly Trust's claims against the Trump Group in the June 2013 Trump Group Settlement.  They did so by Orly's August 2013 directive to Dalia that Dalia should dismiss the Orly Trust's declaratory judgment action in Delaware Chancery Court, which Dalia had commenced seeking a judgment that the Orly Trust is the beneficial owner of the TRI shares. *See Dalia Genger v. TR Investors, LLC, et al.,* C.A. No. 6906-CS (Del. Ch.).  Orly's attorneys advised the Delaware Chancery Court that Orly was "acknowledg[ing] individually and in her capacity as the beneficiary of her trust that the Trump Group are the record and beneficial owners of the TRI shares which had been distributed to the Orly Trust."  Moving Bachman Aff., Ex. 5 (emphasis added).  In other words, by virtue of her Trump Group Settlement, Orly had mooted the Chancery Court proceeding.

Because of Orly's Settlement of the Orly Trust Claims, Payment Must be Made into Court

Because it has now been definitively revealed that Orly settled the Orly Trust's claims against the Trump Group, the principal relief sought by this Motion is the payment into Court of the $32.3 million in proceeds from the settlement of the Orly Trust's claims.

There can no longer be any dispute that those funds – all, or in substantial part – belong to the Orly Trust.  Thus, the funds must be paid into Court.

3

Why would Dalia care whether the money is paid to the Orly Trust via deposit into Court or, instead, to Orly either directly or indirectly?

The better question to ask is: Why would Orly care if the money is paid to the Orly Trust, of which she is the beneficiary, via deposit into Court?  Payment into Court would ensure that the Orly truly benefits through the Orly Trust from the Trump Group Settlement, which after all settled the Orly Trust's claim to the TRI shares.

Arie and Dalia's intention for the Orly Trust was to improve their daughter's, and also specifically our grandchildren's (hopefully her kids'), lives and that the funds should be used for what we intended – financing education, improving health, and generally helping Orly and our grandchildren build a better life.  Affidavit of Dalia Genger, sworn to February 20, 2015 ("Genger Aff."), at ¶ 6.  Since "Orly monetized her beneficial interest <u>in the Orly Trust</u> shares for $32.3 million" through the Trump Group Settlement, the settlement proceeds must be safeguarded for the Orly Trust.  Reply Bachman Aff., Ex 3.

However, as it stands now, Dalia does not believe that Orly is the principal beneficiary of the Trump Group Settlement.  Genger Aff. at ¶ 5.  Rather, without payment into Court, most of the settlement proceeds will go to pay Arie's legal bills.  That is why the two Brosers – Arie's litigation funders – are settling parties.  The money belongs to the Orly Trust not to Arie's lawyers.

<u>No Dispute that a 2701 Deposit into Court Must be Made</u>

There is no real dispute from the Trump Group or Arie and Orly Genger (the "Gengers") as to the propriety of that payment into Court.

4

A. <u>Trump Group Response to 2701 Motion</u>

The Trump Group does not object to the payment into Court of its future settlement payments.  The Trump Group merely states that it cannot make payment into Court of the prior settlement payments because such payments have already been made to Orly, Arie and Arie's two litigation funders, the Brosers.

In a footnote, the Trump Group weakly claims that Dalia has not satisfied the requirements for a mandatory injunction.  Dalia is not seeking a mandatory injunction.  She rather seeks a CPLR 2701 order.  The Trump Group cites no case law holding that Dalia has to meet mandatory injunction standards for a CPLR 2701 deposit.

Pursuant to CPLR 2701, a court may direct that funds should be paid into court if

> 1. a party has such property in his possession, custody or control as trustee for another party or where it belongs or is due to another party; or

> 2. a party has such property in his possession, custody or control and it belongs or is due to another party, where special circumstances make it desirable that payment or delivery to such other party should be withheld;

> 3. the ownership of such property will depend on the outcome of a pending action and no party is willing to accept possession or custody of it during the pendency of the action.

CPLR 2701.  <u>See</u>, <u>e.g.</u>, <u>Conforti v. Goradia</u>, 234 A.D.2d 237, 238, 651 N.Y.S.2d 506  (1st Dep't 1996) (holding that where, as here, the plaintiff "asked the court to declare 'the rights and other legal relations of the parties' … plaintiff cannot complain that the court exercised its initiative in directing" payment into Court pursuant to CPLR 2701).

Where, as here, two parties dispute entitlement to a settlement fund of money, a court should direct payment of the fund into court under CPLR 2701, rather than allow payment to one

5

party, to protect that fund and the mutual interests of the parties. <u>See</u>, <u>e.g.</u>, <u>Lade v. Levitt</u>, 33 A.D.2d 956, 306 N.Y.S.2d 704 (3d Dep't 1970); <u>Rice v. DiNapoli</u>, 23 Misc.3d 1128(A), 889 N.Y.S.2d 507 (Table) (Sup. Ct. Albany County 2009); <u>Werner v. Werner</u>, 70 Misc.2d 1051, 334 N.Y.S.2d 966 (Sup. Ct. Albany County 1982).

Here, the proceeds from the settlement of Orly's derivative claims, which she expressly brought on behalf of the Orly Trust, belong to the Orly Trust and not to Orly, individually, or to any other person. <u>See</u> <u>Gusinsky v. Bailey</u>, 21 Misc.3d 1107(A), 873 N.Y.S.2d 234 (Table) (Sup. Ct. N.Y. County 2008), <u>rev'd on other grounds</u>, 66 A.D.3d 614, 887 N.Y.S.2d 585 (1st Dep't 2008); <u>Clarke v. Greenberg</u>, 71 N.E.2d 443, 296 N.Y. 146 (1947).   Accordingly, payment of those settlement funds to any other person is improper.

B.  <u>Gengers' Response to 2701 Motion</u>

First, Arie and Orly contend that CPLR 2701 should not apply because: "The Trump Group settlement proceeds were never the subject of this action, and there is no existing pleading by Orly or Dalia asserting a claim against the Trump Group settlement proceeds in this proceeding."  NYSCEF Doc. No. 1227 at 4.

That is nonsense.  As found by two federal courts (quoted above), and as self-evident from the face of the settlement agreement itself, the proceeds are from the settlement of the Orly Trust's TRI share claims in this action.  The Gengers' pleading asserted a claim to ownership of the shares which are the very subject of the settlement.  The Trump Group Settlement agreement, in turn, was found by Judge Forrest to be "a monetiz[ation] [of] an interest in the [Orly Trust's TRI] shares … to the tune of $32.3 million."  Reply Bachman Aff., Ex 3.

Second, Arie and Orly claim that Dalia's motion is "meritless" because Dalia is not a

party to this case.  NYSCEF Doc. No. 1227 at 4.  Indeed, Dalia is not a party to this proceeding –

that is why she is moving to substitute in.  As the sole trustee of the Orly Trust, Dalia plainly is

an interested party in the disposition of Orly Trust assets.

Third, Arie and Orly claim that "Orly settled this case in her individual capacity and did

not release, derivatively or otherwise, any claims on behalf of the Orly Trust."  NYSCEF Doc.

No. 1227 at 4.  As set forth above, this is plainly false.

Fourth, Arie and Orly argues that "it has already been determined that Dalia is unfit to

represent the Trust[2] because she has claimed a direct interest to any funds received by Orly as the

beneficiary of the Trust."  NYSCEF Doc. No. 1227 at 4.  No such ruling has ever been made,[3]

and Dalia continues to serve as trustee of the Orly Trust.

In any event, Dalia is not asking for the proceeds to be put into her own pocket or even

into an Orly Trust account.  Rather, she is asking that they be deposited safely into Court, after

which whoever serves as Trustee will be able to petition the Court for access to the funds.

Fifth, Arie argues that: "Of course, class actions involving derivative suits in the name of

a corporation have absolutely nothing to do with nor could in any way be relevant to the issue

before this Court."  NYSCEF Doc. No. 1227 at 4.  Why not?  Arie gives no explanation for this

---

[2] The Appellate Division decision on "conflict of interest," to which the Gengers allude, only held that Dalia had a conflict of interest in her attempt to settle the Orly Trust's claims for $10.4 million in cash (which claims the same Appellate Division later found to be worthless).  There can be no dispute at this point that the settlement which Dalia negotiated would have produced a windfall for the Orly Trust; as of now, the Orly Trust has no assets.

[3] Indeed, Orly is now on her fourth Surrogate's Court petition to remove Dalia, the first three having all been unsuccessful.

supposed proposition because there is none.  The principle is exactly the same.  If a plaintiff

bring claims derivatively on behalf of another party, the settlement proceeds belong to the direct

plaintiff, not the derivative one.  That is true whether it is a corporation or a trust.

<u>Sagi Trust's Joinder of This Motion</u>

Rather than burden the Court with duplicative briefing, Dalia adopts and incorporates by

reference all of the Sagi Trust's arguments in its joinder to this Motion.

<u>Trump Group Should Pay Fees and Costs to Dalia, Not the Reverse</u>

Shockingly, the Trump Group has requested "fees and costs" in connection with this

Motion.  Yet the Trump Group (and Arie) sat by silently while Orly's attorneys filed submission

after submission filled with falsehoods about how Dalia was free to "pick up the cudgel", even

though as parties to the Trump Group Settlement they knew that was not true.

Under New York Rule of Professional Conduct 3.3(b), the Trump Group's counsel had

an ethical obligation to have pointed out the falsehood to the Court and the parties, not engage in

a conspiracy of silence.  Having failed to do so, the Trump Group should be apologizing to Dalia

and picking up the tab for Dalia's fees and costs, not the reverse.

Dated: New City, New York
       February 20, 2015

                                   /s/
                                 Judith Lisa Bachman, Esq.
                                 254 S. Main Street, Suite 306
                                 New City, New York 10956
                                 845-639-3210