UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECOVERY EFFORT INC.,

                Plaintiff,

     -against-                              19 Civ. 5641 (VSB)

ZEICHNER ELLMAN & KRAUSE LLP,
WACHTEL MISSRY LLP, YOAV M. GRIVER,
and WILLIAM B. WACHTEL,

                Defendants.

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS WACHTEL MISSRY LLP AND WILLIAM B. WACHTEL'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.
Edward M. Spiro
565 Fifth Avenue
New York, New York 10017
(212) 856-9600 (telephone)
(212) 856-9494 (fax)
espiro@maglaw.com

*Attorneys for Defendants Wachtel Missry LLP and William B. Wachtel*

# **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT.................................................................................................. 1

ARGUMENT.................................................................................................................................. 1

    I.   PLAINTIFF'S CONVERSION AND FRAUD CLAIMS
         ARE TIME-BARRED................................................................................................. 1

        A.  The Conversion Claim Is Time-Barred....................................................... 1

        B.  The Constructive Fraud Claim Is Also Time-Barred............................... 2

    II.  THE FAC FAILS TO PLEAD ESSENTIAL ELEMENTS
         OF A CONSTRUCTIVE FRAUD CLAIM......................................................... 4

    III. THE MALPRACTICE CLAIM IS BASELESS.................................................... 5

        A.  Plaintiff Alleges No Privity with the Wachtel Defendants..................... 5

        B.  The Malpractice Claim Is Barred by the Statute of Limitations............. 5

    IV. THE FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED..................... 6

        A.  The FAC Alleges No Breach of Fiduciary Duty........................................ 6

        B.  The Fiduciary Duty Claims Are Time-Barred.......................................... 7

    V.  THE BREACH OF CONTRACT CLAIM IS FACIALLY INSUFFICIENT..... 8

    VI. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE............ 8

CONCLUSION............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*ACE Securities Corp. v. DB Structured Products, Inc.*,
  25 N.Y.3d 581, 15 N.Y.S.3d 716 (2015) .................................................................................. 9

*Bovee v. Broom*,
  732 F.3d 743 (7th Cir. 2013) ..................................................................................................... 3

*Corcoran v. New York Power Authority*,
  202 F.3d 530 (2d Cir. 1999) ...................................................................................................... 3

*Genger v. Genger*,
  76 F. Supp. 3d 488 (S.D.N.Y. 2015) ......................................................................................... 7

*Global Network Commun's, Inc. v. City of New York*,
  458 F.3d 150 (2d Cir. 2006) ...................................................................................................... 7

*Hirsch v. Rehs Galleries, Inc.*,
  2020 WL 917213 (S.D.N.Y. Feb. 26, 2020) ............................................................................. 2

*In re Cohen*,
  370 F. Supp. 1166 (S.D.N.Y. 1973) .......................................................................................... 4

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger USA, Inc.*,
  146 F.3d 66 (2d Cir. 1998) ........................................................................................................ 7

*Korwek v. Hunt*,
  646 F. Supp. 953 (S.D.N.Y. 1986) ............................................................................................ 2

*Kregos v. Associated Press*,
  3 F.3d 656 (2d Cir. 1993) .......................................................................................................... 4

*Mandarin Trading Ltd. v. Wildenstein*,
  16 N.Y.3d 173, 919 N.Y.S.2d 466 (2011) ................................................................................ 8

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*,
  693 F. Supp. 2d 387 (S.D.N.Y. 2010) ................................................................................... 3, 8

*McCoy v. Feinman*,
  99 N.Y.2d 295, 755 N.Y.S.2d 693 (2002) ................................................................................ 6

*Morin v. Trupin*,
  711 F. Supp. 97 (S.D.N.Y. 1989) .............................................................................................. 4

*Murphy v. Morlitz*,
  2017 WL 4221472 (S.D.N.Y. Sept. 21, 2017) ................................................................. 2, 3, 7

*PK Music Performance, Inc. v. Timberlake*,
  2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018) ............................................................................. 2

*Rohe v. Bertine, Hufnagel, Headley, Zeltner, Drummon & Dohn, LLP*,
  160 F. Supp.3d 542 (S.D.N.Y. 2016) ....................................................................................... 6

*Rosas v. Balter Sales Co.*,
  2015 WL 12915807 (S.D.N.Y. Mar. 30, 2015) ......................................................................... 2

*Sewell v. Bernardin*,
  795 F.3d 337 (2d. Cir. 2015) .................................................................................................... 2

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
  547 F. 3d 406 (2d. Cir. 2008) ................................................................................................... 2

*Torry v. Northrop Gruman Corp.*,
  399 F.3d 876 (7th Cir. 2005) .................................................................................................... 2

*Universitas Education, LLC v. T.D. Bank, N.A.*,
  2015 WL 9304551 (S.D.N.Y. Dec. 21, 2015) ........................................................................... 3

**Rules**

N.Y. C.P.L.R. § 214[6] ................................................................................................................ 5, 8

**PRELIMINARY STATEMENT**

Plaintiff Recovery Effort, Inc., as the alleged assignee of the The Orly Genger 1993 Trust ("Plaintiff" or the "Trust"), sues William B. Wachtel, Esq. and Wachtel Missry LLP (the "Wachtel Defendants") for alleged conversion, malpractice and related torts, based upon their handling of a settlement to which the Trust was not a party and which was approved by the Supreme Court of the State of New York, New York County.

All of the acts complained of in Plaintiff's First Amended Complaint (the "FAC") occurred in or before 2013, and all of Plaintiff's claims are accordingly barred by the statute of limitations. Plaintiff's Memorandum of Law in Opposition to Defendants' Motions to Dismiss ("Plaintiff's Opposition" or "Opp.") attempts to avoid these fatal flaws by repeated incantations of "fraud" and "estoppel," but the Trust articulated the exact same factual assertions and legal theories raised in the FAC in a sworn pleading filed with the state court in June 2013, so the Trust cannot claim justifiable reliance necessary to support any theory of fraud or estoppel.

For the reasons set forth below and in the Wachtel Defendants' opening Memorandum of Law (Doc. 43) ("Wachtel Mem."), the FAC should be dismissed with prejudice.

**ARGUMENT**

I.  **PLAINTIFF'S CONVERSION AND FRAUD CLAIMS ARE TIME-BARRED**

   A.  **The Conversion Claim Is Time-Barred**

As is set forth in the Wachtel Defendants' opening Memorandum (Wachtel Mem. 5-6), New York's statute of limitations for conversion is three years, running from the act of conversion, not from Plaintiff's discovery of the conversion; and the only act of conversion alleged in the FAC took place in 2013. Plaintiff disputes none of this; instead, it argues only that "the statute of limitations is an affirmative defense" (Opp. 31) and "the burden of proof falls on the defendants." (*Id.*) But defendants meet that burden where, as here, the statute of limitations

1

"defense appears on the face of the complaint." *Murphy v. Morlitz*, No. 15-cv-7256 (VSB), 2017 WL 4221472, at *6 (S.D.N.Y. Sept. 21, 2017) (Broderick, J.) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). "Once it appears that the statute of limitations has run, the *plaintiff* must sustain the burden of showing" some exception to the statute. *Korwek v. Hunt*, 646 F. Supp. 953, 958 (S.D.N.Y. 1986) (citations omitted; emphasis in original), *aff'd,* 827 F.2d 874 (2d Cir. 1987). Plaintiff does not even attempt to meet this burden as to the conversion claim.

The cases cited by Plaintiff (Opp. 31) are not to the contrary. *Hirsch v. Rehs Galleries, Inc.* recognized that a complaint may be dismissed on a Rule 12(b)(6) motion where, as here, "it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." No. 18-cv-11864 (VSB), 2020 WL 917213, at *3 (S.D.N.Y. Feb. 26, 2020) (quoting *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018); *Sewell v. Bernardin*, 795 F.3d 337, 339 (2d Cir. 2015)). And *Rosas v. Balter Sales Co.* did not involve a motion to dismiss, but rather held that summary judgment should be denied where there is no evidence in the record as to when the claim accrued. No. 12-cv-6557 (VSB), 2015 WL 12915807, at *13 (S.D.N.Y. Mar. 30, 2015).

B.     **The Constructive Fraud Claim Is Also Time-Barred**

Unable to show that its conversion claim is timely, Plaintiff contends that "the gravamen of the complaint sounds wholly in fraud, not conversion," so a six-year statute of limitations should apply. (Opp. 34). First, the FAC does not plead a claim for fraud, asserting only a claim for "constructive fraud," which is not the same thing, *cf. Torry v. Northrop Gruman Corp.,* 399 F.3d 876, 878 (7th Cir. 2005) (Posner, J.). In any event, Plaintiff has it exactly backwards: because its purported fraud claim is "merely incidental" to its conversion claim, any fraud claim

(actual or constructive) is barred by the three-year conversion statute of limitations. (Wachtel Mem. 6-7 and cases there cited).

A plaintiff cannot extend the statute of limitations for conversion by tacking on to its conversion claim a "merely incidental" fraud claim. "A fraud action is not incidental only when: (1) the fraud occurred separately from and subsequent to the injury forming the basis of the alternate claim; and (2) the injuries caused by the fraud are distinct from the injuries caused by alternate claim." *Corcoran v. New York Power Authority*, 202 F.3d 530, 545 (2d Cir. 1999). *Accord Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010) (Kaplan, J.). As is set forth in the Wachtel Mem. 7-8, Plaintiff cannot meet *either* element of this test; indeed, it now concedes that the alleged fraud *preceded,* not followed, the alleged conversion (Opp. 24), and it nowhere claims any damage other than the alleged conversion of the settlement proceeds (*e.g.,* Opp. 1, 2, 12, 13, 17, 23, 26, 29, 32, 33; *see also* FAC pp. 24-25 [single prayer for relief covering all claims]).

Our opening memorandum relied extensively on this Court's ruling in *Murphy*, Judge Kaplan's ruling in *Marketxt*, and Judge Scheindlin's ruling in *Universitas Education, LLC v. T.D. Bank, N.A.*, No. 15-cv-5643 (SAS), 2015 WL 9304551 (S.D.N.Y. Dec. 21, 2015). Each of these cases held that a claim for fraud or constructive fraud was time-barred under a three-year limitations period, because the fraud claim was merely incidental to the conversion claim. Plaintiff's Opposition does not even attempt to distinguish any of these cases; it simply *ignores* them. "That is not responsible litigation; a lawyer looks undignified with his head in the sand." *Bovee v. Broom*, 732 F.3d 743, 745 (7th Cir. 2013) (Easterbrook, J.).

## II. THE FAC FAILS TO PLEAD ESSENTIAL ELEMENTS OF A CONSTRUCTIVE FRAUD CLAIM

Even if it were not time-barred, the constructive fraud claim would be facially insufficient for failing to plead either actionable misrepresentations or justifiable reliance. The only "misrepresentations" alleged in the lawsuit are legal arguments made by counsel to the state court. (FAC ¶¶23-26). A legal claim asserted by a lawyer in litigation is not an actionable misrepresentation (Wachtel Mem. 9 and cases there cited), especially where, as here, Plaintiff admits that the defendants in the state-court action were *disputing* Wachtel Missry's allegations that they were acting on behalf of the Trust (Opp. 6 n.7). Subjecting attorneys to liability for legal arguments made in court "would chill an attorney's efforts and duty to represent his or her client in the course of pending litigation." *Morin v. Trupin*, 711 F. Supp. 97, 105 (S.D.N.Y. 1989) (citations omitted). Plaintiff does not even attempt to respond to this issue.

Nor can Plaintiff allege justifiable reliance, because a litigant represented by counsel could never reasonably rely on legal positions asserted by opposing counsel. (Wachtel Mem. 9 and cases cited; *see also Kregos v. Associated Press*, 3 F.3d 656, 661 (2d Cir. 1993)). It is especially unreasonable for the Trust to claim that it was relying on the Wachtel Defendants to represent its interests when the Trustee of the Trust swore in an affidavit filed in the state court in June 2013 that, by settling her derivative claims, Orly was "converting assets belonging to the Orly Trust" (Spiro Dec. [Doc. 44], Ex. C at ¶3)—the exact claim which underlies every count of the FAC. Plaintiff, once again, does not respond to any of the cited authorities, and instead cites only a totally-inapposite criminal contempt case involving a lawyer's misconduct during a jury trial. (Opp. 23, citing *In re Cohen*, 370 F. Supp. 1166 (S.D.N.Y. 1973)).

### III. THE MALPRACTICE CLAIM IS BASELESS

#### A. Plaintiff Alleges No Privity with the Wachtel Defendants

Plaintiff admits that it fails to allege any privity with the Wachtel Defendants (FAC ¶78), which is required for a malpractice claim (Wachtel Mem. 9-10 and cases cited). Instead, Plaintiff claims that there is an exception to the privity requirement where an attorney is guilty of "fraud, collusion, malicious acts or other special circumstances." (Opp. 17). But the FAC does not sufficiently allege fraud, *see* Point II, *supra,* and its vague attempts to allege "collusion" or "malicious acts" are entirely conclusory.

Plaintiff next contends that the Wachtel Defendants are "equitably estopped" from denying that they represented the Trust. (Opp. 19-20). But Plaintiff admits that a party claiming estoppel must allege both "lack of knowledge" and "reliance upon the conduct of the party to be estopped." (Opp. 20) (citation omitted). As previously noted, (*see* Point II, *supra*), the Trust can claim neither of these things, especially in light of the Trustee's affidavit filed in the state court (Spiro Dec. [Doc. 44], Ex. C).

#### B. The Malpractice Claim Is Barred by the Statute of Limitations

The statute of limitations for malpractice is three years, running from the date an actionable injury occurs, whether or not discovered by the plaintiff. (Wachtel Mem. 10-11 and cases there cited). Plaintiff argues that a six-year statute should apply, because its claim supposedly "sounds in fraud." (Opp. 33). Plaintiff cites only two cases for this proposition, both decided more than 40 years ago, and thus preceding the 1996 amendment to N.Y. C.P.L.R. § 214[6], which clarified that the three-year statute applies "regardless of whether the underlying theory is based in contract or tort."

Even if Plaintiff's cases were still good law, no fraud exception could possibly apply here, because Plaintiff has not even attempted to allege actual fraud (only constructive fraud),

5

and even that claim fails because Plaintiff cannot allege any actionable misrepresentations or justifiable reliance. (*See* Point II, *supra*.)

Plaintiff next relies on the "continuous representation" exception to the statute of limitations. (Opp. 33). But the "continuous representation doctrine does not invite a *de facto* disregard for statutorily imposed time limits in cases alleging attorney malpractice." *Rohe v. Bertine, Hufnagel, Headley, Zeltner, Drummon & Dohn, LLP*, 160 F. Supp.3d 542, 549 (S.D.N.Y. 2016). Rather, "New York courts applying the continuous representation doctrine have emphasized the requirement that both parties intend the attorney to continue providing discrete, identifiable representation on the specific subject matter underlying the malpractice claim." *Id.* at 550. *Accord McCoy v. Feinman*, 99 N.Y.2d 295, 306, 755 N.Y.S.2d 693, 700 (2002). The FAC alleges nothing of the sort.

## IV. THE FIDUCIARY DUTY CLAIMS SHOULD BE DISMISSED

### A. The FAC Alleges No Breach of Fiduciary Duty

Plaintiff argues that the Wachtel Defendants breached a supposed fiduciary duty to the Trust by a "collusive settlement" of Orly Genger's derivative claims (Opp. 15) and by paying the settlement proceeds to the parties to the settlement agreement, rather than to the Trust (Opp. 26-27). Both theories presuppose that the settlement was of the derivative claim. Yet Plaintiff is forced to admit that: (i) the Trust was not a party to the settlement agreement (Opp. 7); (ii) the state-court judge held that the settlement "stops short of releasing derivative claims" (Opp. 11, citing state court record); (iii) the Stipulation of Discontinuance filed in the state court was signed by the Zeichner Defendants as counsel for Orly Genger "as beneficiary of the [Trust]," *not* "on behalf of the [Trust]" (Opp. 10); and (iv) the Stipulation of Discontinuance was approved by the state court, and that approval was affirmed by the Appellate Division (FAC ¶¶ 41-42).

6

Plaintiff contends that the state court somehow did not adjudicate who was entitled to the settlement proceeds (Opp. 11-12), and that the Trust also reserved its right to bring a claim for money damages (Opp. 8 n.10), but does not explain why, if that was true, it did nothing to pursue its claims for nearly six years.[1]

Finally, the Trust points to a statement in a decision rendered by Judge Forrest in 2015 in a lawsuit between Orly and her brother, which observed that that settlement represented "the monetization of the claims brought derivatively by Orly on behalf of the" Trust. (Opp. 12, citing *Genger v. Genger*, 76 F. Supp. 3d 488 (S.D.N.Y. 2015), *aff'd,* 663 F. App'x 44 (2d Cir. 2016)). But this case long post-dated the events described in the FAC, and the Wachtel Defendants were neither parties to nor counsel in the case, so Judge Forrest's comment is not admissible in this action. *See, e.g.*, *Global Network Commun's, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger USA, Inc.*, 146 F.3d 66, 70-71 (2d Cir. 1998).

### B. The Fiduciary Duty Claims Are Time-Barred

When, as here, a claim for breach of fiduciary duty seeks only money damages, not equitable relief, the statute of limitations is three years. *Murphy v. Morlitz*, 2017 WL 4221472, at *6; *see also* Wachtel Mem. 11-12 and cases there cited. Plaintiff, once again ignoring this Court's decision in *Murphy,* contends that a six-year statute of limitations applies when "an allegation of fraud is essential to a breach of fiduciary duty claim" (Opp. 34). But Plaintiff has not pled the elements of a fraud claim (*see* Point II, *supra)* and its fraud allegations would in any event be "merely incidental" to its other claims (*see* Point I[B], *supra)*. An allegation of fraud

---

[1] Plaintiff's Opposition (at 11) claims that Dalia Genger, as the Trustee of the Trust, moved in 2014 to intervene in the 2010 state-court action to assert a claim to the settlement proceeds, but the state court did not decide the motion until 2019 and then dismissed it as moot. In fact, the Trustee moved to be substituted for Orly Genger to pursue the derivative claims Orly had brought against the Trump Group, but did not seek to assert any claims against Orly Genger or the Wachtel Defendants. (See FAC ¶41; *Arie Genger & Orly Genger v. Sagi Genger, et al.*, Index No. 651089/2010 (Sup. Ct. N.Y. Co., Dkt. No.1108)).

may not be "used as a means to litigate stale claims." *Marketxt Holdings,* 693 F. Supp. 2d at 395 (citation omitted).[2]

## V. THE BREACH OF CONTRACT CLAIM IS FACIALLY INSUFFICIENT

The breach of contract claim is barred by New York's three-year statute of limitations for malpractice claims, which applies "regardless of whether the underlying theory is based in contract or tort." N.Y. C.P.L.R. § 214[6]. *See also* Wachtel Mem. 13 and cases there cited. Plaintiff's response to this point cites no cases and does not distinguish any cases cited in the Wachtel Mem.

In any event, Plaintiff makes no showing that the Trust was an intended third-party beneficiary of any retainer agreement between Orly Genger and Wachtel Missry LLP. The FAC contains only a conclusory allegation made "on information and belief." (FAC ¶114). A complaint does not sufficiently allege third-party beneficiary status when it "only offers conclusory allegations without pleading the pertinent terms of the purported agreement." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 919 N.Y.S.2d 466, 471 (2011); *see also* Wachtel Mem. 13-14 and cases there cited. Neither the FAC nor Plaintiff's response (Opp. 30-31) makes any attempt to plead "the pertinent terms of the purported agreement."

## VI. THE COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE

Our opening memorandum argued that Plaintiff, having already amended its complaint once without being able to plead any sufficient claim, should not be given any further leave to amend. (Wachtel Mem. 14-15). Plaintiff's opposing papers do not even ask for leave to amend again if the FAC is dismissed, much less suggest what it could possibly do to cure the FAC's fatal defects. This action should accordingly be dismissed with prejudice.

---

[2] Moreover, for the reasons stated in our main brief (at 11-13), and as discussed in the Zeichner Defendants' motion papers, Plaintiff's breach of fiduciary duty and contract claims fail because they are duplicative of the malpractice claim.

**CONCLUSION**

Plaintiff's repeated allegations of "fraud" ring hollow, where the Trustee's affidavit filed in the state court in June 2013 shows that the Trust already knew everything it is now alleging, and where the Trust could not possibly have justifiably relied on the litigating position of its adversary in the state-court lawsuit.

Moreover, all of Plaintiff's claims are time-barred, and Plaintiff does not even attempt to explain why it slept on its rights from 2013 until 2019. New York's "[s]tatutes of limitation not only save litigants from defending stale claims, but also express a societal interest or public policy of giving repose to human affairs." *ACE Securities Corp. v. DB Structured Products, Inc.*, 25 N.Y.3d 581, 593, 15 N.Y.S.3d 716, 721 (2015) (citations omitted).

For the reasons stated above, in the Wachtel Defendants' opening motion papers, and in the papers filed by the Zeichner Defendants (whose arguments the Wachtel Defendants join), this action should be dismissed with prejudice.

Dated:  New York, New York
        May 28, 2020

                                        Respectfully submitted,

                                        MORVILLO ABRAMOWITZ GRAND
                                        IASON & ANELLO P.C.

                                        By:  /s/ Edward M. Spiro
                                                Edward M. Spiro
                                        565 Fifth Avenue
                                        New York, New York 10017
                                        (212) 856-9600 (telephone)
                                        (212) 856-9494 (fax)
                                        espiro@maglaw.com

                                        *Attorneys for Defendants Wachtel Missry LLP and William B. Wachtel*