UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| RECOVERY EFFORT INC., | : |
| | : |
|                             Plaintiff, | : |
| | : |
|          - against - | : |
| | : |
| ZEICHNER ELLMAN & KRAUSE LLP, | : |
| WACHTEL MISSRY LLP, YOAV M. | : |
| GRIVER, and WILLIAM B. WACHTEL, | : |
| | : |
|                 Defendants. | : |

19 Civ. 5641 (VSB) (KHP)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
ZEICHNER ELLMAN & KRAUSE LLP AND YOAV M. GRIVER'S
<u>MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .................................................................................................. ii

I.  PLAINTIFF STILL FAILS TO STATE A CLAIM UPON WHICH
    RELIEF MAY BE GRANTED ..................................................................................1

    1.  Plaintiff's malpractice claim still fails for lack of privity...............................1

    2.  Plaintiff's fraud and other tort claims still fail for lack of special
        or fiduciary relationship ........................................................................... 3

    3.  Plaintiff still fails adequately to plead aiding and abetting conversion .................. 5

    4.  Plaintiff's fraud, other tort, and contract claims still fail because
        they are duplicative of the malpractice claim ........................................... 6

II. PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTES
    OF LIMITATIONS.....................................................................................................7

III. PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL
    ESTOPPEL .........................................................................................................9

CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                        **Page(s)**

*AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co*.,
    5 N.Y.3d 582 (2005) .................................................................................................1

*ARB Upstate Commc'ns LLC v. R.J. Reuter, L.L.C.*,
    93 A.D.3d 929, 940 N.Y.S.2d 679 (3d Dep't 2012) ...........................................7

*B&B Hardware, Inc. v. Hargis Indus.*,
    575 U.S. 138, 135 S. Ct. 1293 (2015) ................................................................ 10

*Babitt v. Vebeliunas (In re Vebeliunas)*,
    332 F.3d 85 (2d Cir. 2003) .............................................................................4, 5

*Bansbach v. Zinn*,
    1 N.Y.3d 1 (2003) ...............................................................................................4

*Cohen v. Goodfriend*,
    665 F. Supp. 152 (E.D.N.Y. 1987) ...............................................................2, 3

*Constantine v. Teachers Coll.*,
    448 F. App'x 92 (2d Cir. 2011).........................................................................9

*Croce v. Kurnit*,
    565 F. Supp. 884 (S.D.N.Y. 1982), *aff'd*, 737 F.2d 229 (2d Cir. 1984) ............2, 3

*Crossland Sav. FSB v. Rockwood Ins. Co.*,
    700 F. Supp. 1274 (S.D.N.Y. 1988) .................................................................2

*E*Trade Fin. Corp. v. Deutsche Bank AG*,
    631 F. Supp. 2d 313 (S.D.N.Y. 2009) ..............................................................4

*Esposito v. Chestnut*,
    No. 18 Civ. 11245 (PGG), 2020 U.S. Dist. LEXIS 86981 (S.D.N.Y. May 16, 2020) ........6, 8

*Ferring B.V. v. Serenity Pharm., LLC*,
    391 F. Supp. 3d 265 (S.D.N.Y. 2019) ..............................................................9

*Genger v. Genger*,
    144 A.D.3d 581, 41 N.Y.S.3d 414 (1st Dep't 2016) ........................................9

*Genger v. TR Investors, LLC*,
    No. 6906-CS, 2013 Del. Ch. LEXIS 355 (Del. Ch. Aug. 30, 2013) .....................3

*Ginsburg Dev. Cos., LLC v. Carbone*,
    85 A.D.3d 1110, 926 N.Y.S.2d 156 (2d Dep't 2011) ......................................1, 2

*Good Old Days Tavern, Inc. v. Zwirn*,
    259 A.D.2d 300, 686 N.Y.S.2d 414 (1st Dep't 1999) ........................................................2

*Green v. Dep't of Educ.*,
    18 Civ. 10817 (AT) (GWG), 2019 WL 3432306, 2019 U.S. Dist. LEXIS 127545
    (S.D.N.Y. July 31, 2019) ...............................................................................................9, 10

*Joyce v. Thompson Wigdor & Gilly LLP*,
    No. 06 Civ. 15315 (RLC) (GWG),
    2008 U.S. Dist. LEXIS 43210 (S.D.N.Y. June 3, 2008) .......................................................7

*Latin Am. Fin. Grp., Inc. v. Pareja*,
    266 F. App'x 61 (2d Cir. 2008) ............................................................................................2

*Marketxt Holdings Corp. v. Engel & Reiman, P.C.*,
    693 F. Supp. 2d 387 (S.D.N.Y. 2010) ..................................................................................7

*Mason Tenders Dist. Council Pension Fund v. Messera*,
    958 F. Supp. 869 (S.D.N.Y. 1997) .......................................................................................8

*Matsumura v. Benihana Nat'l Corp.*,
    542 F. Supp. 2d 245 (S.D.N.Y. 2008) ..................................................................................4

*Metropolitan Plaza WP, LLC v. Goetz Fitzpatrick, LLP*,
    2010 NY Slip Op 32389(U), 2010 N.Y. Misc. LEXIS 4244
    (Sup. Ct. NY Cty., Aug. 27, 2010) .................................................................................1-2

*Schneider v. Finmann*,
    15 N.Y.3d 306, 907 N.Y.S.2d 119 (2010) ...........................................................................1

*Schwartz v. Greenfield, Stein & Weisinger*,
    90 Misc. 2d 882, 396 N.Y.S.2d 582 (Sup. Ct. Queens Cty. 1977) ....................................2, 3

**Rules**

CPLR § 214(6).................................................................................................................7-8

Fed. R. Civ. P. 9(b) .........................................................................................................6, 7

Despite a 40-page opposition memorandum ("Opp."), plaintiff still fails to demonstrate a viable claim for relief.  Dismissal is appropriate.[1]

## I.  PLAINTIFF STILL FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### 1.  Plaintiff's malpractice claim still fails for lack of privity

In the underlying litigation, now in its second decade, Dalia, as trustee of the Orly Trust, was represented by a legion of lawyers.  Those lawyers opposed Orly who was represented by the ZEK Defendants.  But in this proceeding, plaintiff advances malpractice claims not against Dalia's lawyers, but instead against the lawyers who represented Dalia's litigation adversary.  Plaintiff's effort is unsupported by any legal authority.  *Cf. AG Capital Funding Partners, L.P. v. State St. Bank & Trust Co*., 5 N.Y.3d 582, 595 (2005) (cited by plaintiff but rejecting efforts to allow an exception to privity because "[t]his was a rather complex transaction involving sophisticated parties and their counsel.").[2]

Plaintiff argues privity is not required for allegations of "fraud, collusion, malicious, or other special circumstances."  No case endorsing this exception has remotely similar facts.  Plaintiff, at Opp. footnote 17, asserts that the facts of *Ginsburg Dev. Cos., LLC v. Carbone*, 85 A.D.3d 1110, 926 N.Y.S.2d 156 (2d Dep't 2011) "closely resemble" those at issue here.  This is nonsense.  In *Ginsburg,* a lawyer executed a deed conveying property in contravention of an arbitral award—an act that a court found "dishonest" and "deceitful."  *See Metropolitan Plaza WP, LLC v. Goetz Fitzpatrick, LLP*, 2010 NY Slip Op 32389(U), 2010 N.Y. Misc. LEXIS 4244

---

[1] Undefined capitalized terms shall have the same meanings as in ZEK Defendants' opening brief ("ZEK memo").
[2] Plaintiff's cases are readily distinguishable.  *Schneider v. Finmann*, 15 N.Y.3d 306, 309, 907 N.Y.S.2d 119, 121 (2010), for example, establishes the New York rule that in decedent estates "privity, or a relationship sufficiently approaching privity, exists between the personal representative of an estate and the estate planning attorney."

(Sup. Ct. NY Cty., Aug. 27, 2010).[3]  Thus, *Ginsburg* did not involve the conduct of an advocate qua advocate but instead a lawyer's conduct that was wholly extrinsic to an arbitral proceeding.

Plaintiff also argues that foreseeability can substitute for privity, citing *Good Old Days Tavern, Inc. v. Zwirn*, 259 A.D.2d 300, 686 N.Y.S.2d 414 (1st Dep't 1999).  That is not New York law.  *Zwirn* merely empowered a company's president and sole owner, who "was for all intents and purposes a foreseeable third-party beneficiary of the contract pursuant to which he retained" the lawyer to represent the business "from which . . . he derived his livelihood," to sue the company's lawyer.  The facts of *Zwirn* are inapposite and its holding inapplicable.

*Crossland Sav. FSB v. Rockwood Ins. Co.,* 700 F. Supp. 1274 (S.D.N.Y. 1988), on which plaintiff relies, is equally inapposite.  *Crossland* concerned a lawyer's negligent opinion letter specifically procured to address the concerns of her client's financier.  The court held that "[w]hen a lawyer at the direction of her client prepares an opinion letter which is addressed to the third party [the financier] or which expressly invites the third party's reliance she engages in a form of limited representation."  *Id*. at 1282 (internal citation omitted).

Because there is no privity or basis to apply a *Crossland*-like exception here, plaintiff's malpractice claim fails as a matter of law.  *See, e.g., Latin Am. Fin. Grp., Inc. v. Pareja,* 266 F. App'x 61, 62 n.1 (2d Cir. 2008) (affirming dismissal because "the absence of an attorney-client relationship is fatal to plaintiffs' malpractice and breach of contract claims")*.*

Citing again to *Crossland*,[4] however, plaintiff also contends that the ZEK Defendants are equitably estopped from denying an attorney-client relationship.  Plaintiff is wrong.  "[P]arties

---

[3] *Ginsburg* is an abbreviated opinion with no discussion of the facts.  *Metropolitan Plaza* is a related action that presents a more expansive description of the underlying dispute and discusses a related bankruptcy case.
[4] Plaintiff twice cites to *Crossland* referencing that opinion's internal citations.  *Id*. at 1281-82 (citing *Cohen v. Goodfriend*, 665 F. Supp. 152, 158 (E.D.N.Y. 1987); *Croce v. Kurnit*, 565 F. Supp. 884, 890 (S.D.N.Y. 1982), *aff'd*, 737 F.2d 229 (2d Cir. 1984) and *Schwartz v. Greenfield, Stein & Weisinger*, 90 Misc. 2d 882, 396 N.Y.S.2d 582 (Sup. Ct. Queens Cty. 1977)).  *Croce* involved a lawyer/principal who provided advice and assistance to a contractual counterparty permitting the court to hold that "a lawyer may owe a fiduciary obligation to persons with

asserting estoppel must show with respect to themselves: (1) lack of knowledge and of the means of knowledge of the true facts; (2) reliance upon the conduct of the party to be estopped; and (3) prejudicial changes in their positions." *Babitt v. Vebeliunas (In re Vebeliunas)*, 332 F.3d 85, 93-94 (2d Cir. 2003) (internal citation omitted).  Aided by an array of her own lawyers, Dalia, as trustee, fought Orly, represented by the ZEK Defendants, tooth and nail over the course of years in multiple cases in multiple fora.  To be clear, Dalia, as trustee, actively opposed the efforts of Orly, represented by the ZEK Defendants, to settle Orly's individual claims in the 2010 Action. And when unsuccessful, Dalia, as trustee, pursued the Orly Trust's claims against the same parties with whom Orly had settled.[5]  Against the pled and admitted facts, plaintiff cannot plausibly allege satisfaction of any of the three required criteria for estoppel.

## 2. **Plaintiff's fraud and other tort claims still fail for lack of special or fiduciary relationship**

Plaintiff's constructive fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty claims all fail because plaintiff still fails to make out the requisite elements of a fiduciary or special relationship.

As Orly's litigation antagonist, Dalia, as trustee, demonstrably did not (and reasonably could not) repose the requisite special trust or confidence in the ZEK Defendants.  This objective truth relegates plaintiff to an ineffective attempt to "conveniently downplay[] the fact[s] that

whom he deals . . .  In particular, a fiduciary duty arises when a lawyer deals with persons who, although not strictly his clients, he has or should have reason to believe rely on him. 565 F. Supp. at 890 (internal citations omitted). *Goodfriend*, which relies solely on *Croce*, concerned a limited partner's claims against lawyers who advised the limited partnership.  It stands for the unremarkable proposition that a lawyer may owe a duty to a person "with whom he deals" even in the absence of a formal attorney-client relationship.  665 F. Supp. at 158.  *Schwartz* involved a lender's claim against a borrower's lawyer who, in a face-to-face exchange, agreed to perform service for the lender.  Having undertaken that obligation, "[n]o longer [was] there a problem of privity."  396 N.Y.S.2d at 584. All three cases in no way support plaintiff's claim that it may bring claims against his adversary's attorneys based on their successful and notorious actions in a courtroom during a bitterly-contested litigation.

[5] Plaintiff's reliance on another lawyer's objection to the stipulated dismissal is misplaced.  By its explicit terms, the Settlement Agreement, as it relates to Orly, affected only her individual claims, and not any claims of the Orly Trust. Indeed, Dalia, as trustee, promptly thereafter resumed her own litigation on the Orly Trust's behalf, unencumbered by the Settlement Agreement. *See Genger v. TR Investors, LLC*, No. 6906-CS, 2013 Del. Ch. LEXIS 355 (Del. Ch. Aug. 30, 2013); Sullivan Decl. Ex. N ¶ 4.

plaintiff[] had engaged [its] own counsel," dooming its fiduciary duty argument.  *Matsumura v. Benihana Nat'l Corp*., 542 F. Supp. 2d 245, 254 n.12 (S.D.N.Y. 2008); *see E*Trade Fin. Corp. v. Deutsche Bank AG*, 631 F. Supp. 2d 313, 387-88 (S.D.N.Y. 2009) (requiring a relationship "warranting the trusting party to repose his confidence in the defendant and therefore relax the care and vigilance that he would normally exercise . . .") (internal citations omitted).

The failure of plaintiff's implausible allegation of reasonable reliance, an essential element of the constructive fraud claim, follows as a matter of course.  Thus, even if Dalia relied on her adversary's lawyers (and the facts preclude any such contention), any reliance by Dalia or her phalanx of attorneys would have been unreasonable.  The very event which plaintiff embraces demonstrates that her fraud and tort claims are utterly meritless.  Plaintiff alleges that the Orly Trust did not appeal a restraining order, did not secure money paid for releases, and discontinued the Delaware action.  *See* Opp. at 22.  These are all independent decisions or steps that Dalia, as trustee of the Orly Trust, took (or did not take) based on the advice and assistance of her own independent counsel in the context of an adversarial relationship with Orly and the ZEK Defendants.

Plaintiff has basically two responses to the foregoing, neither of which is enough.  First, drawing on shareholder derivative litigations, plaintiff contends the ZEK Defendants either directly, or indirectly through Orly, owed a fiduciary duty to the Orly Trust, even though Orly, as the Trust's sole beneficiary, was suing Dalia for her various malfeasances as trustee.  Plaintiff's analogy fails.  In the typical corporate derivative action, at the outset of the case, a putative plaintiff litigates with the corporation's board for the right to bring the case, frequently against a corporate insider.  *Bansbach v. Zinn*, 1 N.Y.3d 1, 8-9 (2003).  If the shareholder prevails, then the law displaces the board's presumably corrupted business judgment and grants the minority shareholder the responsibility to prosecute suit for the benefit of the corporation and all

4

shareholders.  *See id.*  This action could not be more different:  the complaint in the 2010 Action simply asserted claims on both Orly's individual behalf and claims that would inure to her benefit as the sole beneficiary of the Orly Trust.  Throughout the 2010 Action, Dalia, as trustee of the Orly Trust, launched a series of attacks on Orly's efforts.  After the Supreme Court dismissed nearly all of the claims in the case and Orly settled her claims individually and as beneficiary of the Orly Trust, the Orly Trust was free to, and did, pursue claims against, and ultimately settle with, the same Trump Group defendants, resulting in a dismissal of Dalia's Delaware action.

Second, plaintiff seems to argue that, because Orly owned no TRI shares in her own right and thus allegedly had no individual claims in the 2010 Action, the ZEK Defendants supposedly owed a duty of undivided loyalty to the Orly Trust.  *See* Opp. at 23.  This makes no sense. Whether or not Orly had individual claims does not change the facts that (a) she was entitled to zealous representation, or (b) Dalia, as trustee of the Orly Trust, was independently represented and consistently opposed Orly and the ZEK Defendants in the 2010 Action.  Orly was entitled to compromise and settle the individual claims she had alleged regardless of Dalia's criticisms of the merits thereof.

Plaintiff's claims for constructive fraud, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty should be dismissed.

### 3.  Plaintiff still fails adequately to plead aiding and abetting conversion

Plaintiff essentially admits—as it must—that it has no aiding and abetting conversion claim against the ZEK Defendants.  *See* Opp. at 30 ("Defendants—or at a minimum, the Wachtel Defendants—substantially assisted that primary violation for all the reasons stated above."). Every remotely specific allegation in the FAC about any alleged asset transfers relates only to

the Wachtel Defendants. *See, e.g.*, FAC ¶ 106. Plaintiff's claim does not meet the pleading requirements of Rule 9(b) as to the ZEK Defendants and must be dismissed.

4. **Plaintiff's fraud, other tort, and contract claims still fail because they are duplicative of the malpractice claim**

Plaintiff fails to distinguish sufficiently the alleged conduct underlying its malpractice claim from the alleged conduct underlying its constructive fraud and fiduciary duty claims. Indeed, plaintiff admits that this is not a case of malpractice and a separate, distinct fraud claim. Instead, plaintiff alleges that "the fraud was used to commit the malpractice." *See* Opp. at 24. Indeed, a review of the Opp. and the FAC confirms that both the alleged acts of wrongdoing and the alleged damages are the same for each claim. That ends the inquiry. *See Esposito v. Chestnut*, No. 18 Civ. 11245 (PGG), 2020 U.S. Dist. LEXIS 86981, at *24-25 (S.D.N.Y. May 16, 2020) ("[A] fraud claim asserted in connection with charges of professional malpractice is non-duplicative only to the extent it arises from one or more affirmative, intentional misrepresentations that caused damages separate and distinct from those generated by the alleged malpractice.") (internal quotation marks omitted).

Plaintiff baldly contends—without further explanation—that its breach of contract claim is not duplicative of its other causes of action. Yet plaintiff's breach of contract and malpractice claims rely on the same factual allegations and seek the same relief, namely, that the proceeds of the Settlement Agreement should have been paid to the Orly Trust. *See* FAC ¶¶ 84 and 115. Therefore, plaintiff's breach of contract claim is duplicative of its malpractice claims and must be dismissed. *See Esposito*, 2020 U.S. Dist. LEXIS 86981 at *23 ("Courts routinely dismiss as duplicative breach of contract, breach of fiduciary duty, and negligence claims where those claims arise out of the same facts and seek the same relief as legal malpractice claims.").

Plaintiff's claims cannot be sustained under the guise of "alternative pleading."  Courts routinely grant motions to dismiss fraud and other tort claims as duplicative of malpractice claims.  *See id.*; *Joyce v. Thompson Wigdor & Gilly LLP*, No. 06 Civ. 15315 (RLC) (GWG), 2008 U.S. Dist. LEXIS 43210, at *40-41 (S.D.N.Y. June 3, 2008) (dismissing claims for breach of contract, breach of fiduciary duty, negligent and fraudulent misrepresentation because they were duplicative of the malpractice claim).[6]

## II.   PLAINTIFF'S CLAIMS ARE BARRED BY THE STATUTES OF LIMITATIONS

Plaintiff argues that a six-year statute of limitation applies to its legal malpractice, fraud, and other tort claims because they all "sound in fraud."  But plaintiff has no fraud claim.  As explained here and in the ZEK memo, plaintiff fails to plead fraud with particularity in contravention of Fed. R. Civ. P. 9(b), and, in any event, its fraud claim is duplicative of its malpractice claim.  Plaintiff's notional allegations of fraud are merely incidental to and redundant alternatives to its malpractice claim—they take their substance from and seek the exact same relief as the malpractice claim.  "Often courts look to the relief requested in making this determination, finding fraud claims incidental where the measure of the requested relief is the same for both types of claims and seems to take its substance from the non-fraud claim."  *Marketxt Holdings Corp. v. Engel & Reiman, P.C.*, 693 F. Supp. 2d 387, 395 (S.D.N.Y. 2010).  "When a fraud claim is incidental to another asserted claim, the claim does not sound in fraud for purposes of taking advantage of the longer limitations period, otherwise fraud would be used as a means to litigate stale claims."  *Id.* (internal quotations omitted).  Consequently, the three-year statute of limitations period for malpractice claims applies to all of plaintiff's claims.  *See* CPLR

---

[6] Alternative pleading, as plaintiff's cited cases show, is relevant where the plaintiff does not know at the outset of the case which of two inconsistent claims to assert.  *See, e.g.*, *ARB Upstate Commc'ns LLC v. R.J. Reuter, L.L.C.*, 93 A.D.3d 929, 934, 940 N.Y.S.2d 679, 686 (3d Dep't 2012) ("While a quasi contract recovery. . . is precluded where a valid and enforceable contract applies to the dispute, a party need not elect its remedies and may proceed on alternative theories if a disagreement exists concerning whether the contract covers the situation at issue.").

§ 214(6) (three-year statute of limitations applies for "an action to recover damages for malpractice . . . regardless of whether the underlying theory is based in contract or tort").

Plaintiff argues to toll the statute of limitations (three years) by alleging "continuous representation." Bizarrely, plaintiff points to the ZEK Defendants' representation of *Orly*. Opp. at 33. "The continuous representation doctrine is premised on the trust relationship between the attorney and the client, and the inequity of barring the client from suing the attorney based on the running of the statute of limitations during the life of that relationship." *Mason Tenders Dist. Council Pension Fund v. Messera*, 958 F. Supp. 869, 888 (S.D.N.Y. 1997) (internal citations omitted); *see also Esposito*, 2020 U.S. Dist. LEXIS 86981 at *26-27 (holding the same). "In order to invoke the continuous representation doctrine, a plaintiff must affirmatively demonstrate ongoing representation in connection [with] the specific matter from which the malpractice claim arose . . . with 'clear indicia of an ongoing, continuous, developing and dependent relationship between the client and the attorney.'" *Id*. at 889 (quoting *Luk Lamellen U. Kupplungbau v. Lerner*, 166 A.D.2d 505, 506, 560 N.Y.S.2d 787, 789 (2d Dep't 1990)) (further citations omitted). The "'doctrine cannot be used to toll the statute of limitations after the relationship of trust and confidence ends.'" *Esposito*, 2020 U.S. Dist. LEXIS 86981, at *27 (quoting *Bryant v. Monaghan*, 15 Civ. 8427 (PAC)(HBP), 2018 U.S. Dist. LEXIS 130146, at *15 (S.D.N.Y. Aug. 1, 2018)). Here, "a relationship of trust and confidence" never existed between the ZEK Defendants and the Orly Trust. Instead, the Orly Trust, personified by its trustee Dalia, had its own legal counsel and was relentless in its opposition to Orly (and her legal counsel, the ZEK Defendants) in the 2009 and 2010 Actions. Therefore, the continuous representation doctrine does not apply.

In any event, any representation by the ZEK Defendants ended long ago; they were effectively replaced in 2016.[7]

### III.   PLAINTIFF'S CLAIMS ARE BARRED BY COLLATERAL ESTOPPEL

The elements of issue preclusion[8] are simply stated: first, an identical issue was decided in a prior action and is decisive of the present action, and second, the party to be precluded must have had a full and fair opportunity to litigate the issue in the prior action. *Constantine v. Teachers Coll.*, 448 F. App'x 92, 93 (2d Cir. 2011). "The doctrine of collateral estoppel applies in instances where it is 'quite clear' that these elements have been satisfied so that a party is not 'precluded from obtaining at least one full hearing on his or her claim.'" *Green v. Dep't of Educ.*, 18 Civ. 10817 (AT) (GWG), 2019 WL 3432306, 2019 U.S. Dist. LEXIS 127545, at *16 (S.D.N.Y. July 31, 2019) (quoting *Colon v. Coughlin*, 58 F.3d 865, 869 (2d Cir. 1995)). "Courts have broad discretion to determine whether collateral estoppel applies." *Ferring B.V. v. Serenity Pharm., LLC*, 391 F. Supp. 3d 265, 282 (S.D.N.Y. 2019) (internal citations omitted).

Plaintiff seeks to relitigate the same issue that was subject to extensive litigation in the 2010 Action: whether the Settlement Agreement settled claims of the Orly Trust and whether the Orly Trust is entitled to its settlement proceeds. This issue has been necessarily decided by the court when, after extensive briefing and a hearing, it denied Dalia's motion on February 19, 2019. *See* ZEK memo at 25.[9]

---

[7] The ZEK Defendants' last substantive submissions were filed on January 11, 2016 (2010 Action, NYSCEF No. 1408) and February 19, 2016 (2009 Action, NYSCEF No. 1048). Lawyers at the Kasowitz law firm then effectively took over the legal representation of Orly in both the 2009 and 2010 Actions. The ZEK Defendants formally withdrew in favor of the Kasowitz firm in January 2017 (*see* Exhibits V and W).

[8] Plaintiff's longwinded arguments against claim preclusion are pointless; the ZEK Defendants did not make an argument based on claim preclusion.

[9] In addition, the First Department, in a decision dated November 29, 2016, noted that "Dalia Genger, as Trustee for the [Orly Trust], failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and unjust enrichment claims against certain defendants, and her claim is not properly before this Court." *Genger v. Genger*, 144 A.D.3d 581, 581, 41 N.Y.S.3d 414, 414-15 (1st Dep't 2016).

Despite plaintiff's argument to the contrary, the Orly Trust had more than a full and fair opportunity to litigate the issue—it not only had "one full hearing" (*cf. Green*, 2019 U.S. Dist. LEXIS 127545, at *16; *see* ZEK memo at 24) but also the opportunity to submit dozens of court filings in support of its position.  *See* ZEK memo at 23-25.  The allegation that the Settlement Agreement was kept confidential for a certain time does not change this.[10]

Based on the Court's broad discretion, plaintiff's claims should be dismissed because "[a]llowing the same issue to be decided more than once wastes litigants' resources and adjudicators' time, and it encourages parties who lose before one tribunal to shop around for another." *B&B Hardware, Inc. v. Hargis Indus.*, 575 U.S. 138, 140, 135 S. Ct. 1293, 1298-99 (2015).

## CONCLUSION

For the foregoing reasons, defendants Zeichner Ellman & Krause LLP and Yoav M. Griver respectfully request that the Court dismiss plaintiff's First Amended Complaint with prejudice and grant such other and further relief to them as is just and appropriate.

Dated: New York, New York
　　　　May 28, 2020

**SULLIVAN & WORCESTER LLP**

By: /s/ Michael T. Sullivan
　　　Michael T. Sullivan
　　　Clark A. Freeman
　　　Anna Lea Setz
1633 Broadway
New York, New York 10019
Telephone: (212) 660-3000
Facsimile:  (212) 660-3001
msullivan@sullivanlaw.com
cfreeman@sullivanlaw.com
asetz@sullivanlaw.com

*Attorneys for Defendants Zeichner Ellman & Krause LLP and Yoav M. Griver*

---

[10] In fact, it refutes plaintiff's contradictory argument that the Orly Trust had somehow relied on the Settlement Agreement to its detriment.