# POLLOCK | COHEN LLP

60 BROAD STREET, 24TH FLOOR
NEW YORK, NEW YORK 10004
(212) 337-5361

*CONTACT:*
Max Rodriguez
Max@PollockCohen.com
(646) 290-7509

May 18, 2021

**VIA ECF**

Hon. Vernon S. Broderick
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

By May 12, 2022, the parties shall file a joint letter of no more than three pages regarding whether this case should still be stayed in light of the bankruptcy. The Clerk of Court is respectfully directed to close the open motions at docket numbers 41 and 42. The parties may file letter motions renewing the motions at docket numbers 41 and 42 if and when they determine that seeking judicial intervention to resolve those motions is the appropriate way to proceed.

SO ORDERED:

*[signature]* 04/28/22
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

Re:   *Recovery Effort Inc. v. Zeichner Ellman & Krause LLP, et al.*, No. 19-cv-05641 (VSB)

Dear Judge Broderick:

We represent plaintiff in the above-captioned action. Pursuant to the Court's order dated May 11, 2021 (ECF no. 56), we write to provide an update on the status of the case.

**Background**

This case was filed on June 18, 2019. Defendants filed motions to dismiss and then the Amended Complaint was filed on February 20, 2020 (ECF no. 34). Defendants filed motions to dismiss the Amended Complaint (ECF nos. 41, 42), which were fully briefed on May 28, 2020.

**Case Status and Stay from Summer 2020**

In the Orly Genger bankruptcy proceeding, we filed a motion on June 8, 2020 seeking a determination that this action, along with Plaintiff's District Court case no. 19-cv-5642 (the "MSM Action") are not subject to the automatic bankruptcy stay. (*See In re Orly Genger,* no. 19-13895, ECF no. 258-1.) Objections to the motion were filed by various parties, including Deborah J. Piazza, the Chapter 7 Trustee of the bankruptcy estate of Orly Genger.

The Bankruptcy Court scheduled a hearing on this "Not Stay Motion" for July 8, 2020 and that hearing was rescheduled to August 25, 2020. In addition, a motion to dismiss the bankruptcy case was filed by Sagi Genger (a non-party to this action), and Bankruptcy Judge James Garrity also scheduled a hearing on that motion for August 25, 2020. Meanwhile, Judge Garrity requested that this case, together with MSM Action (the other District Court action), should be stayed through the August 25, 2020 hearing date. The Orly Genger 1993 Trust consented to Judge Garrity's request.

Accordingly, consistent with Judge Garrity's request, we wrote to Your Honor and to Magistrate Judge Freeman on July 7, 2020 submitting that these two District Court actions should be stayed at least until the resolution of the pending motion to dismiss the bankruptcy case, which was then scheduled to be heard on August 25, 2020. (ECF no. 54.) This Court granted the application. (ECF no. 55.)

Hon. Vernon S. Broderick
May 18, 2021
Page 2 of 2

**Spring 2021 Updates**

Of course, if the bankruptcy case were dismissed, our Not Stay Motion would become moot. Accordingly, during July 2020, Judge Garrity indicated that he would likely move the hearing date on our Not Stay Motion to a date later than the motion to dismiss hearing.

Due to various reasons, including the COVID pandemic, the motion to dismiss hearing was delayed. More recently, on May 12, 2021, Judge Garrity issued a scheduling order setting a hearing on the motion to dismiss the bankruptcy for June 16, 17, and 18, 2021. (ECF no. 416 in no. 19-13895.)

**Current Status**

As we have already argued in our pending Not Stay Motion before Judge Garrity, we submit that the automatic stay does not apply to this case. Automatic stays apply to, among other things, "action[s] or proceeding[s] against the debtor," 11 U.S.C. § 362(a)(1), or "any act to obtain possession or property of the estate." 11 U.S.C. § 362(a)(3). This case is neither one "against the debtor," nor does it implicate property of the bankruptcy estate. The claims in this case belong to Recovery Effort as assignee of The Orly Genger 1993 Trust. The claims belong to The Orly Genger 1993 Trust, rather than Orly Genger individually, because they pertain to the defendant attorneys' conduct with respect to the Orly Trust by facilitating the misappropriation and diversion of assets belonging to the Orly Trust.

Nonetheless, even though Judge Garrity has not updated his July 2020 direction that this case should remain stayed through August 25, 2020, we believe that he intended that this case should remain stayed on an interim basis through the eventual hearing date on our Not Stay Motion.

Thank you for Your Honor's consideration in this matter.

Respectfully submitted,

/s/*Max Rodriguez*

Max Rodriguez


cc:   Rocco Cavaliere, Esq. (via email)
      (Counsel to the Bankruptcy Trustee)

      All counsel of record (via ECF)