UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| RECOVERY EFFORT INC., | : |
| | : |
| Plaintiff, | : |
| | : 19 Civ. 5641 (VSB) (KHP) |
| - against - | : |
| | : |
| ZEICHNER ELLMAN & KRAUSE LLP, | : |
| WACHTEL MISSRY LLP, YOAV M. | : |
| GRIVER, and WILLIAM B. WACHTEL, | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANTS ZEICHNER ELLMAN & KRAUSE LLP AND YOAV GRIVER'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 56.1, Defendants Zeichner Ellman & Krause LLP ("ZEK") and Yoav Griver ("Griver" and together with ZEK, the "ZEK Defendants") submit this Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment, and aver that there is no genuine issue to be tried with respect to the following material facts:

1. Dalia Genger ("Dalia") was the trustee of the Orly Genger 1993 Trust ("Orly Trust") when events underlying the claims for relief averred in the First Amended Complaint allegedly occurred.

2. On July 26, 2010, Arie ("Arie") and Orly Genger ("Orly') commenced *Genger v. Genger*, Index No. 651089/2010 (Sup. Ct. NY Cnty) (the "2010 Action"). The defendants in the 2010 Action included TR Investors, LLC, Glenclova Investment Co., New TR Equity I, LLC, New TR Equity II, LLC, Jules Trump, Eddie Trump and Mark Hirsch (collectively, the "Trump Group") and Dalia, among others.

3. On September 14, 2010, ZEK substituted for incumbent counsel as new counsel for Orly in the 2010 Action. Exhibit 1 to Declaration of Michael T. Sullivan dated July 24, 2025 ("Sullivan Dec").

4. On September 22, 2010, Orly and Arie filed a Second Amended and Supplemental Complaint in the 2010 Action in which Dalia was named as a defendant and identified as, among other things, "the putative trustee of the Orly Trust." Sullivan Dec. Ex. 2.

5. On September 20, 2011, Orly and Arie filed a Third Amended and Supplemental Complaint in the 2010 Action in which Dalia was named as a defendant and identified as, among other things, "the putative trustee of the Orly Trust." Sullivan Dec. Ex. 3.

6. On October 11, 2011, Dalia commenced a litigation against the Trump Group (less Jules Trump, Eddie Trump, and Mark Hirsch), and others in Delaware Chancery Court entitled *Dalia Genger, as Trustee of the Orly Genger Trust v. TR Investors, LLC,* C.A.No. 6906- CS ("Dalia's Delaware Action"). Sullivan Dec. Ex. 4.

7. By orders dated October 26, 2011, November 9, 2011, and April 9, 2012, the court in the 2010 Action enjoined Dalia and others from proceeding in Dalia's Delaware Action. Sullivan Dec. Ex. 5.

8. By amended decision and order dated January 3, 2013 (the "January 3 Order"), the New York Supreme Court dismissed most of the complaint in the 2010 Action, including all but two claims against the Trump Group. Sullivan Dec. Ex. 6.

9. On or about June 16, 2013, Orly and Arie settled with the Trump Group pursuant to the Settlement Agreement. The Settlement Agreement, among other things, released the Trump Group from claims Orly had asserted individually or as beneficiary of the Orly Trust. Sullivan Dec. Ex 7.

10. The Settlement Agreement was executed in counterparts on June 15 and 16, 2013. *Id.* The ZEK Defendants executed the Settlement Agreement on behalf of Orly "individually and as beneficiary of the Orly Genger 1993 Trust" but explicitly not "on behalf of" the Orly Trust. *Id.*

11. The Settlement Agreement did not release the Trump Group on behalf of the Orly Trust, i.e., in respect of any "derivative" claims. *Id.*

12. On June 26, 2013, counsel for Arie – co-defendant Wachtel Missry LLP – submitted a stipulation to the court in the 2010 Action to be "so ordered" providing for: (a) the dissolution of the injunction against further proceedings in Dalia's Delaware Action; and (b) the discontinuance with prejudice of claims against the Trump Group by Arie and Orly (the "Discontinuance Stipulation"). The ZEK Defendants executed the Discontinuance Stipulation as attorneys for Orly "in her individual capacity and as beneficiary of the Orly Genger 1993 Trust," but explicitly not "on behalf of" the Orly Trust. Sullivan Dec. Ex. 8.

13. On June 26, 2013, Dalia as Trustee of the Orly Genger Trust, submitted an affidavit in the 2010 Action in which she asserted:

> Although [Orly's] complaint in this action states that she asserts claims both individually and on behalf of the Orly Trust, an analysis of the claims shows that they are entirely claims of the Orly Trust and that she has no individual rights separate therefrom.

Sullivan Dec. Ex. 9.

14. On July 1, 2013, the court in the 2010 Action, *inter alia*, "so ordered" the Discontinuance Stipulation. Sullivan Dec. Ex. 8.

15. On July 3, 2013, Dalia's Delaware Action resumed. Sullivan Dec. Ex. 10.

16. On August 30, 2013, Dalia discontinued with prejudice Dalia's Delaware Action, *i.e.*, the claims she had asserted against the Trump Group as Trustee of the Orly Trust. Sullivan Dec. Ex. 11.

3

17. By order entered on May 13, 2014, the court in the 2010 Action confirmed that the Settlement Agreement did not affect derivative claims of the Orly Genger Trust.

> Movants allege that, although the stipulation specifies that Orly settled claims against the Trump Group in her individual capacity and as beneficiary of the Orly Trust, she actually settled derivative claims belong to the Orly Trust. Thus they argue that the settlement proceeds belong to the Orly Trust.
>
> * * *
>
> Dalia Genger, trustee of the Orly Trust, neither filed nor joined in the instant motion. Instead, she signed an affidavit, dated June 28 [sic], 2013 asserting that "an analysis of the claim [filed by Orly against the Trump Group] shows that they are entirely claims of the Orly Trust and that she has no individual rights separate therefrom" (NYCEF 483 ¶ 2) Dalia's assertion is not supported or accompanied by any analysis of the subject claims, and is fatally conclusory.
>
> * * *
>
> In the settlement agreement, Orly stops short of releasing derivative claims.

Sullivan Dec. Ex. 12 at pp. 3-4.

18. On July 24, 2014, the Appellate Division unanimously affirmed and expanded scope of the trial court's January 3, 2013 Order and, among other things, dismissed the remaining claims against the Trump Group. *Genger v. Genger*, 121 A.D.3d. 270 (1st Dep't 2014).

19. On August 11, 2014, Dalia as Trustee of the Orly Genger Trust made a motion in the 2010 Action to "to substitute for Plaintiff Orly Genger on her Derivative Claims against the Trump Group and for an Order Directing Settlement Proceeds to be paid into Court." Sullivan Dec. Exs. 13 and 14

20. In an order entered November 25, 2014, the trial court in the 2010 Action dismissed the complaint "in its entirety with prejudice, including all claims and causes of action stated

4

therein, and without prejudice to plaintiff's rights to seek leave to appeal to the Court of Appeals from the July 24, 2014 Order of the Appellate Division." Sullivan Dec. Ex. 15

21. On November 29, 2016, the Appellate Division affirmed the November 25, 2014 Order dismissing the complaint in the 2010 Action. *Genger v. Genger*, 144 A.D.3d 581, 41 N.Y.S. 3d 414 (1st Dep't 2016):

> Defendant Dalia Genger, as Trustee for the Orly Genger 1993 Trust (Orly Trust) failed to articulate any objection to the court's entry of the November 25, 2014 order dismissing plaintiff Orly Trust's breach of fiduciary duty and properly before the Court. [citations omitted]. In any case, that order did not dismiss any claims; rather, it recognized that all claims had previously been dismissed or discontinued by prior court orders….

Dated: New York, New York
　　　　July 24, 2025

　　　　　　　　　　　　　　　　　　　　　　SULLIVAN & WORCESTER LLP

　　　　　　　　　　　　　　　　　　　　　　By:/*s/Michael T. Sullivan*
　　　　　　　　　　　　　　　　　　　　　　　　Michael T. Sullivan
　　　　　　　　　　　　　　　　　　　　　　　　Anna Lea McNerney
　　　　　　　　　　　　　　　　　　　　　　1251 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　　New York, NY  10020
　　　　　　　　　　　　　　　　　　　　　　(T) (212) 660-3000
　　　　　　　　　　　　　　　　　　　　　　(F) (212) 660-3001
　　　　　　　　　　　　　　　　　　　　　　msullivan@sullivanlaw.com
　　　　　　　　　　　　　　　　　　　　　　amcnerney@sullivanlaw.com

　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　　　　　　　Zeichner Ellman & Krause LLP and
　　　　　　　　　　　　　　　　　　　　　　Yoav M. Griver