**Sullivan**
SULLIVAN & WORCESTER

Sullivan & Worcester LLP
1251 Avenue of the Americas
New York, NY 10020

212 660 3000
sullivanlaw.com

July 25, 2025

**BY ECF**
Honorable Katharine H. Parker
United States Magistrate Judge
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

      Re:    *Recovery Effort Inc. v. Zeichner Ellman & Krause LLP,*
                No. 19-CV-05641 (VSB) (KHP)

Dear Judge Parker:

      On behalf of defendants Zeichner Ellman & Krause LLP and Yoav M. Griver (the "ZEK Defendants"), we write in connection with the ZEK Defendants' proposed motion to stay discovery pending determination of their motion for summary judgment, filed on July 24, 2025 (ECF No. 141).[1]

**Abbreviated Background**

      This action is one of many that arose following the divorce of Arie and Dalia Genger, parents of daughter Orly and son Sagi. One of those disputes, *Genger v. Genger,* Index No. 651089/2010 (Sup. Ct. N.Y. Cty.) (the "2010 Action"), principally concerned Arie's effort to reclaim control of a business he created, Trans-Resources, Inc. ("TRI").[2] As part of the 2004 resolution of Arie and Dalia's divorce, Arie transferred shares in TRI to two trusts he and Dalia had established for Orly and Sagi (the "OG Trust" and the "Sagi Trust"), while maintaining his control over those shares and hence control over TRI. Following these transfers and as result of problematic conduct by Sagi and Dalia, however, it was Sagi who obtained control over TRI.

      Arie's transfer of the TRI shares violated a financing agreement with various entities (collectively, the "Trump Group"). After discovering this violation, the Trump Group reached an agreement with Sagi to acquire the TRI shares then held in the Sagi Trust in exchange for a substantial payment. This transaction was sufficient to give the Trump Group control of TRI. Sagi also conditionally agreed, inter alia, to sell to the Trump Group the shares Arie had transferred to the Orly Trust, albeit for a much lower price.[3]

      While the 2010 Action largely concerned Arie's effort to reestablish his control over TRI, it also included claims on behalf of Orly, who sought damages "individually and as beneficiary" of her trust.

      In a settlement agreement executed June 15 and 16, 2010, Arie and Orly settled their dispute with the Trump Group. Orly executed that settlement agreement "individually and as

---

[1] The recently filed motion for summary judgment is without prejudice to the ZEK Defendants' pending motion to dismiss. (ECF No. 41).
[2] The Genger saga is discussed in a number of decisions, including with respect to the summary set forth in this section. *See, e.g., Genger v. Genger,* 76 F.Supp.3d 488 (S.D.N.Y. 2015).
[3] The condition, later fulfilled, was the determination that Arie's transfer of TRI shares was void, the effect of which would return the TRI shares to another entity Sagi controlled.

beneficiary of" but not "on behalf of" the OG Trust. As one court noted, the settlement agreement provided that: "Orly waives all of her claims to the TRI shares, both as a trust beneficiary and individually. The 2013 Settlement Agreement does not waive any of the Orly Trust's claims." *Genger*, 76 F.Supp.3d at 493-94 (internal citations omitted).

Dalia, as trustee of the Orly Trust, asserted a number of claims directly on behalf of the OG Trust respecting the settlement agreement. First, she filed claims in New York State court. *See, e.g., Genger v. Genger,* Index No. 651089/2010, NYSCEF No. 483 (Affidavit of Dalia Genger, Trustee, proclaiming that settlement proceeds belong to the OG Trust of which she was trustee); Dalia's motion "for an order substituting Dalia Genger, as trustee, as plaintiff on Orly Genger's Trump Group claims and for an order . . . directing that the . . . settlement fund be paid into Court" (NYSCEF No. 1099), denied as moot (NYSCEF No. 1520). New York State Courts rejected all these efforts.

Dalia also directly sued the Trump Group in Delaware Chancery Court. *See Dalia Genger, as Trustee of the Orly Genger 1993 Trust v. TR Investors, et al.*, C.A. No. 6906-CS (Del. Chancery). Dalia discontinued that action in October 2013.

**Proceedings to Date**

Plaintiff, as the alleged assignee of the OG Trust, began this action on or after June 17, 2019. All defendants filed motions to dismiss in early 2020, which they renewed on March 30, 2020 in response to Plaintiff's amended complaint. ECF Nos. 41, 42. The ZEK Defendants' motion to dismiss remains sub judice.

The Court stayed proceedings herein on Plaintiffs' application in deference to Orly Genger's ongoing bankruptcy case between July 15, 2020 and October 17, 2024. ECF Nos. 55 and 100.

On October 30, 2024, defendants, including Wachtel Missry LLP and William B. Wachtel (the "Wachtel Defendants") jointly filed a motion to stay discovery pending the determination of the motions to dismiss. ECF No. 103. On March 5, 2025, the Court denied that motion without prejudice. ECF No. 119. On April 21, 2025, the Court denied defendants' renewed motion to stay discovery. ECF No. 125.

On July 16, 2025, the Court endorsed a stipulation of dismissal as between the Plaintiff and the Wachtel Defendants. ECF No. 140.

**Good Cause Exists to Warrant a Stay of Discovery**

A district court may stay discovery for "good cause." Fed. R. Civ. P. 26(c). *Daileader v. Certain Underwrites at Lloyd's London*, 22 Civ. 5408 (PGG), 2025 WL 1021756 at *6 (S.D.N.Y. March 31, 2025) (granting stay during pendency of anticipated motion for summary judgment). "Good cause" is established by considering three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Id. See also Cooper v. Off. of Comm'r of Baseball*, Case No. 24-CV-3118 (VSB), 2025 WL 419335 at *1 (S.D.N.Y. Jan. 9, 2025) (same).

The ZEK Defendants' motion for summary judgment is well-founded: each of Plaintiff's claims for relief is subject to and barred by a three-year statute of limitation that expired in June 2016. *See Kershaw v. New York Life Ins. Co.*, No. 23-CV-4159 (VSB), 2024 WL 3876398, at *1

(S.D.N.Y. Aug. 20, 2024) (staying discovery because the motion to dismiss "raises a legitimate, non-frivolous argument that this action is time barred").[4]

As previously demonstrated, discovery in this proceeding is certain to be extensive, involving multiple non-parties, including the recently dismissed co-defendants. In addition, discovery will prove extraordinarily burdensome, requiring review of the multiple state court proceedings to which Plaintiff refers in its complaint (each of which contains more than 1,500 separate submissions, exclusive of interlocutory appeals), extensive document productions, and multiple depositions of parties and non-parties. At the same time, if the ZEK Defendants prevail on their pending summary judgment motion, the entire action will be dismissed and all discovery avoided. *Compare Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7252 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (granting stay of discovery because motion to dismiss "is potentially dispositive, and appears to be not unfounded in the law." (internal citations omitted)) *with Cooper* at *2 ("Courts generally decline to grant discovery stays when 'there is no pending motion that potentially disposes of the entire action.'" (quoting *CT Espresso LLC v. Lavazza Premium Coffees Corp.*, No. 22-CV-377, 2022 WL 1639485 (VSB), at *2 (S.D.N.Y. May 24, 2022))).

Plaintiff cannot reasonably claim prejudice. Any delay will almost certainly be brief: the summary judgment motion presents a limited question of law—application of the statute of limitations—which we would expect the Court to address promptly. As significant, any delay pales in comparison to the delays caused solely by the Plaintiff, which waited more than six years before commencing this case and then, when faced with a motion to dismiss, precipitated a further delay when it sought bankruptcy court intervention. *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *4 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially delay the action, should it continue."); *see also Sikhs for Justice v. Nath*, 893 F.Supp.2d 598, 622 (S.D.N.Y. 2012) (prejudice to plaintiff from stay of proceedings unlikely where relevant facts occurred twenty-seven years earlier).

For all the reasons set forth herein, the ZEK Defendants respectfully request the Court to stay discovery or, alternatively, set a briefing schedule for a formal motion.

Respectfully,

*/s/Michael T. Sullivan*
Michael T. Sullivan

cc: Counsel of Record (by ECF)

---

[4] As explained in the ZEK Defendants' summary judgment submission, ECF No. 142 at pp. 10-13, there is no basis to apply the "continuing representation" doctrine: the ZEK Defendants and Dalia, as Trustee of the OG Trust, were at all relevant times litigation antagonists.