```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____            │
│ DATE FILED:  11/4/2025           │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECOVERY EFFORT INC.,

                            Plaintiff,

            -against-

ZEICHNER ELLMAN & KRAUSE LLP, et al.,

                            Defendants.

19-CV-5641 (VSB)(KHP)

**ORDER
ON
MOTION TO STAY DISCOVERY**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Defendants move to stay discovery pending the Court's resolution of their motion for summary judgment, which asserts that all of Plaintiff's claims are time-barred under the applicable statutes of limitations.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), courts have considerable discretion to grant a stay upon a showing of "good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018); *see also* Fed. R. Civ. P. 26(c). However, the fact there is a pending dispositive motion is not in itself grounds for a stay of discovery. *Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559 at *2 (S.D.N.Y. Mar. 1, 2016). When determining whether good cause exists, courts consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Daileader v. Certain Underwrites at Lloyd's London*, 22 Civ. 5408 (PGG), 2025 WL 1021756 at *6 (S.D.N.Y. March 31, 2025) (granting stay during pendency of anticipated motion for summary judgment).

In terms of the "strong showing" prong, courts are more likely to grant a stay where the "the plaintiff has been unable to cite relevant authority in response to a defendant's challenge." *Bennett v. Cuomo,* No. 22 Civ. 7846 (VSB), 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). Moreover, the existence of a motion that "is potentially dispositive, and appears to be not unfounded in the law," "cuts in favor of a stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). "Conversely, a court is less likely to find that a plaintiff's case is unmeritorious when both the defendant and plaintiff can make 'strong arguments' in their respective briefs. *Bennett* 2023 WL 2021560, at *2.

"In assessing the breadth of discovery and the burden of responding to it, courts consider whether 'discovery would reach such wide-breadth that good cause for a stay exists.'" *Configure Partners LLC v. RACI Holdings LLC*, No. 22 Civ. 8631 (RA) (JW), 2023 WL 2811135, at *1 (S.D.N.Y. Apr. 6, 2023). "This Court is more likely to grant a stay in instances where discovery is likely to be 'broad and significant,' such as when there are many defendants and an array of complex issues." *Id*. However, "[the] court is less likely to grant a stay in cases where the movant fails to show why discovery would be burdensome or where the resolution of pending motions to dismiss will not meaningfully change the scope or burden of discovery." *Id*. In terms of the risk of unfair prejudice to the party opposing the stay, "[t]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, No. 17 Civ. 8709 (LTS) (GWG), 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). On the other hand, the "potential fading memories of witnesses who were part of the historical relationship between the parties weighs against a stay." *RBG Mgmt. Corp. v. Vill. Super Mkt., Inc.*, No. 22 Civ. 7996 (JLR),

2023 WL 199620, at *2 (S.D.N.Y. Jan. 24, 2023).   If the party requesting the stay has not

shown a lack of prejudice to the non-moving party, this would also weigh against a stay.

*Mirra v. Jordan*, No. 15 Civ. 4100 (AT) (KNF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016).

**DISCUSSION**

Here, the factors set forth above weigh in favor of a stay.  Without delving into the

substantive merits of their motion for summary judgment, Defendants have raised a

"legitimate, non-frivolous argument" that all of Plaintiff's claims are time-barred either by a

three-year statute of limitations that expired in June 2016 or because they are intertwined with

Plaintiff's malpractice and conversion claims (which make Plaintiff's other claims subject to the

three-year statute).  *Kershaw v. New York Life Ins. Co.*, No. 23 Civ. 4159 (VSB), 2024 WL

3876398, at *1 (S.D.N.Y. Aug. 20, 2024) (finding that a stay of discovery was warranted where

defendant, in a dispositive motion, argued that the plaintiff's claims were time-barred among

other reasons); *see also Ghosh v. N.Y.C. Hous. Auth.* No. 25 Civ. 4509 (AT) (SDA), 2025 WL

2806836, at *3 (S.D.N.Y. Oct. 2, 2025) (same). Plaintiff contends that because the motion to

stay has been denied in the past, the Court should also deny it here.  That argument is not

persuasive.  At the motion to dismiss stage, there had been significant delays in the discovery

schedule, which militated in favor of moving forward with discovery. *Daniels v. City of N.Y.*, 138

F. Supp. 2d 562, 565 (S.D.N.Y. Apr. 12, 2001) ("As the significant number of pretrial conferences

demonstrate, discovery has been an uphill battle from the beginning.  To now postpone

production … would constitute substantial injury to plaintiffs.") Moreover, at the time, it

appeared to the Court that discovery would be relatively limited without imposing an excessive

burden on Defendants.

However, it is clear that discovery is, in fact, likely to be highly extensive. Defendants contend, and Plaintiff does not dispute, that it will involve multiple non-parties, such as the recently dismissed co-defendants, as well as the review of numerous state court proceedings both in New York and Delaware. *See HAHA Glob., Inc. v. Barclays*, No. 19 Civ. 4749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (finding that given the breadth of potential review required, discovery was likely to be burdensome.); *see also Alapaha View Ltd. v. Prodigy Network, LLC,* No. 20 Civ. 7252 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021)*.

Nor does Plaintiff articulate what prejudice, if any, it will suffer if discovery is stayed. For one, any delay to discovery is likely to be brief, and the Court is expecting to address the underlying motion promptly. Second, when considering that the motion for summary judgment has been fully briefed, any delay would be minimal. *Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, No. 09 Civ. 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (finding a stay warranted even before briefing for a dispositive motion had been completed). Third the case concerns matters from over a decade ago, and Plaintiff waited for more than six years before bringing this case – a brief delay is unlikely to significantly hamper Plaintiff's efforts at obtaining meaningful discovery. *Barclays*, 2020 WL 832341, at *1 (finding that staying discovery would not unfairly prejudice Plaintiff since the dispositive motions had already been filed and, thus, "[a]ny stay would last briefly.") Further, if the case continues after summary judgment, Plaintiff may pursue relevant and proportional discovery at a later stage. *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *4 (S.D.N.Y. Feb. 27, 1997) ("A stay pending determination of a dispositive motion that potentially eliminates the entire action will [not] substantially delay the action, should it continue.") Finally, Plaintiff will not be prejudiced from a stay as it too will save the costs of engaging in extensive discovery pending an outcome to the dispositive motion at issue. *See Mineo v. Town of Hempstead*, No. 22 Civ. 4092 (JMA)

(JMW), 2023 WL 7283784, at *2 (E.D.N.Y. Nov. 3, 2023) (finding that it would be "most prudent" to avoid the costly expenses of discovery while a dispositive motion is being decided).

**CONCLUSION**

For the foregoing reasons, Defendants' motion to stay discovery pending resolution of the motion for summary judgment is GRANTED.

Dated: New York, New York
      November 4, 2025

SO ORDERED.

_____
KATHARINE H. PARKER
United States Magistrate Judge